(6 Misc. Rep. 298.)

### MURPHY v. NINTH AVE. R. CO.

(Superior Court of New York City. General Term. December 29, 1893.)

1. STREET RAILROADS—INJURY TO PASSENGER—PROOF OF NEGLIGENCE.
   Plaintiff, while attempting to go from the rear to the front of defendant's car along the footboard on the side where the pillars of an elevated railroad near the track were in full view, was struck by one of the pillars, which was 14½ inches from the side of the car; but there was no evidence that he was thrown off his balance by a sudden jar or jolt of the car. *Held*, that no negligence on the part of defendant was shown.

2. SAME—PLACING PILLARS ALONG STREET-CAR TRACK.
   It is not negligence for a street-car company to continue to run its cars on its track after the erection of elevated railroad pillars in the street near such company's track.

Appeal from jury term.

Action by Martin K. Murphy against the Ninth Avenue Railroad Company for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

J. M. Scribner, for appellant.
Lamb & Osborne, for respondent.

FREEDMAN, J. The action was brought for the recovery of damages for personal injuries sustained by the plaintiff while a passenger on one of defendant's cars, through the alleged negligence of the defendant. The plaintiff, at the time in question, was an active man, in full possession of all his faculties, and entirely familiar with defendant's railroad and its operation and with the location of the structures of the elevated railroad in Ninth avenue at and near the point where he sustained the injuries. He boarded one of defendant's cars, going south, from the easterly side, while the car was in motion. It was a car open at the sides, with seats running transversely, such as are in common use in this city during the summer months. Having boarded the car on the easterly side, the plaintiff crossed over to its westerly side, either in front of the rear seat or on the rear platform, and with the columns or pillars of the elevated railroad structure, with which he had long been familiar, in full sight on the westerly side of the car. As the plaintiff was moving from the rear towards the front of the car on the step or stanchion which ran along the westerly side of the car, he collided with an elevated railroad column, and was thereby knocked off the car and injured. It was claimed that the column in question was column No. 562, and it was proved at the trial by a competent sur-

veyor called by the defendant that the distance between the stanchion of such a car and the nearest point of the straight part of the column is $14\frac{1}{2}$ inches at column No. 561, $14\frac{5}{8}$ inches at column No. 562, and $16\frac{1}{2}$ inches at column No. 563. The plaintiff testified that the distance was from 12 to 13 inches, and that the defendant should have the benefit of 15 inches. Consequently there was no material conflict as to the actual distance. It therefore appeared that, the proximity of these columns to the stanchion of the car being as stated, the plaintiff, although the columns were in full sight, and their location was entirely familiar to him, left the easterly side of the car, where there were no columns to interfere with his movements, and, with his eyes open, and in broad daylight, walked along the westerly step of the car while the car continued in motion, until his shoulder struck one of the columns; and that to accomplish this his shoulder must have projected in a westerly direction at least $14\frac{1}{2}$ inches beyond the westerly line of the step. For this no necessity was shown. The preponderance of the evidence was that vacant seats could have been reached by the plaintiff without crossing to the westerly side of the car, and then proceeding along the westerly step; but, even if it be assumed that the plaintiff was excusable in so proceeding in order to reach a particular seat which he coveted, while the car was in motion, he could and should have done so without coming into contact with the column in question.

Defendant's railroad was constructed and in use many years before the elevated railroad structure was erected, and, consequently, it was not negligence on the part of the defendant to continue to run its cars on its own tracks after the erection of the elevated railroad columns. Moreover, it was shown without contradiction that for the express purpose of preventing injury to passengers by collision with the elevated railroad columns the summer or open cars of the defendant had been constructed six inches narrower than the open cars in use on the Eighth avenue road, and that many thousand passengers had been carried on the open cars of the defendant, passing the same elevated railroad columns on every trip, without accident or injury to a single passenger. The facts being as stated, and no claim having been made that the plaintiff was thrown off his balance by a sudden jar or jolt of the car, the decisions of the court of appeals in Moylan v. Railroad Co., 128 N. Y. 583, 27 N. E. 977, and Craighead v. Railroad Co., 123 N. Y. 391, 25 N. E. 387, are directly applicable; and under these decisions it must be held that the injury to the plaintiff was either the result of an accident, or that, if it was due to any negligence, it was due more to his own negligence than to that of the defendant. The conclusion is therefore unavoidable that the defendant was entitled, at the close of the whole case, either to have the complaint dismissed, or to have a verdict directed in its favor, and that the refusal of the trial judge to do either constituted error. The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.