(7 Misc. Rep. 234.)

VROMAN v. HOUSTON, W. ST. & P. FERRY R. CO.[1]

(City Court of New York, General Term.    February 8, 1894.)

HORSE AND STREET RAILROADS—INJURY TO PASSENGER.

A person who voluntarily undertakes to go from the rear to the front of an open car, on the side step thereof, and is struck by an elevated railroad pillar, has no cause of action against the street-car company. Fitzsimons, J., dissenting.

Appeal from trial term.

Action by Lyman C. Vroman against the Houston, West Street & Pavonia Ferry Railroad Company.    From a judgment dismissing the complaint, plaintiff appeals.    Affirmed.

EHRLICH, C. J., and VAN WYCK and FITZSIMONS, JJ.

G. D. Lamb, for appellant.

Coudert Bros. and J. Kling, for respondent.

EHRLICH, C. J.    On the evening of June 13, 1892, the plaintiff, with some friends, boarded an open summer car of the defendant, having steps running along upon the outside.    The plaintiff stood for a time on the rear platform, smoking.    As the car neared Forty-Second street, some people got out, and the plaintiff undertook to proceed along the side step to occupy one of the seats vacated.    The change was voluntary on his part, and while he was attempting to consummate it his head was brought in contact with an elevated railroad column, and badly injured.    At the trial the complaint was dismissed, on motion of the defendant's attorney, and we think the dismissal was right.    The defendant was guilty of no act of negligence, and did nothing by means of which the plaintiff was injured. The defendant was not responsible for the presence of the elevated railroad columns, nor for any injuries caused by them.    The case resembles that of Murphy v. Railroad Co., 6 Misc. Rep. 298, 26 N. Y. Supp. 783, in which it was held that the defendant, under similar circumstances, was not liable.    The distinction between the rule decided in the cases cited by the appellant and that which governs this case is clearly laid down in the Murphy Case, and for the reasons stated the judgment appealed from should be affirmed, with costs.

VAN WYCK, J., concurs.

FITZSIMONS, J., (dissenting.)    In my judgment, it was error for the trial justice to dismiss the complaint in this case.    It was a question of fact for the jury to determine whether or not the defendant was negligent, and the plaintiff free from contributory negligence.    It was the duty of defendant to run its road along a way which was not dangerous.    The fact that the iron post against which plaintiff struck and was injured was erected by the elevated railroad subsequent to the time when defendant built its road would not justify defendant in continuing to use its road, as far as its passengers are concerned, if by so doing it became a dangerous thing

[1] Affirmed.    See 27 N. Y. Supp. 1128.

to do.   It should have prevented the elevated railroad from plac-
ing its pillars in a place where they would injure persons riding on
defendant's cars who prudently and carefully did so, or else should
have removed its rails further away from such pillars, or so con-
structed the platforms on its cars as to permit its passengers to
use them without harm from such dangerous things.   This duty
defendant owed its passengers.   A failure to do so I think con-
stituted negligence on defendant's part, because of the length of
time that said pillars and defendant's road occupied their present
positions.   Concerning the alleged contributory negligence of plain-
tiff, the plaintiff had a right to a seat in defendant's car; in fact
it was his duty to take one as soon as possible.   When he boarded
it all the seats were occupied.   He was compelled to stand on the
rear platform.   At the moment when a passenger having a seat left
the car, plaintiff exercised his right to have a seat by proceeding
along the only passageway from the place where he stood to the
vacated seat.   Whether or not he did so in a careful or careless
manner, particularly in view of the facts above recited, and, in addi-
tion, that it was nighttime, and he was not familiar with that part
of the defendant's road, and that he had a right to assume that it
was free and clear from all danger, was a question of fact for the
jury to determine, and not a question of law for the court to de-
cide.   For these reasons I think that the judgment should be re-
versed, and a new trial ordered, with costs to appellant to abide
event.