## COLVIN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   June 28, 1898.)

STREET RAILROADS—INJURY TO PASSENGER—EVIDENCE.

In an action brought against a surface-railroad company by a passenger to recover damages for injuries received by him through its alleged negligence, the only evidence in his favor was his own testimony to the effect that, after the car stopped, and while he was stepping off, it "made a jerk," and threw him down, so that his shoulder and head struck on the curbstone. It appeared that the curbstone was from 10 to 13 feet from the car, and five or six witnesses for the defendant testified that the plaintiff safely left the car, and when several feet from it was knocked down by a bicycle, and struck on the curbstone. *Held*, on appeal from a judgment in plaintiff's favor, that the verdict was against the weight of evidence.

Appeal from Kings county court.

Action by John Colvin against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed. ·

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John L. Wells, for appellant.

S. D. Morris, for respondent.

WOODWARD, J.   The only point raised upon this appeal is that the verdict is against the weight of evidence. The plaintiff was, at the time of the accident, 68 years of age. He was a passenger upon the Fulton Street Line, and at the junction of Tompkins avenue and Fulton street he alighted from the car, and his description of the accident is given in his testimony as follows:

"When I got to Tompkins avenue, I was getting off the car past those two ladies. I got hold of the stanchion with the left hand, with my foot on the footboard. The right foot I was taking down, when the car made a jerk, and threw me off on the right side. The car had come to a full stop about a second. When I had my foot on the board, the car was stopped, and on the second gave a jerk. I was thrown on my right side on the pavement, my shoulder and head striking on the curbstone."

While this was somewhat elaborated on the trial, it is, in substance, all of the evidence tending to establish the plaintiff's version of the accident. There was evidence in the case tending to establish that the curbstone on which the plaintiff says he struck his head was from 10 to 13 feet from the car, and all of the witnesses for the defendant, some five or six in number, testify that the plaintiff left the car safely while it was either at a standstill or moving very slowly, and that when from 3 to 5 feet from the car he came in collision with a bicycle, and was thrown to the ground, and came in contact with the curb, where he received the injuries for which he claims damages from this defendant. It is true, of course, that all of the witnesses for the defense who testify to this version of the accident are employés of the defendant, and that there is some conflict as to the details, but they all agree that the plaintiff left the car in safety; and his own testimony, that he fell and struck his head upon

the curbstone, some 13 feet from the car, is not inconsistent with the defendant's theory of the accident, and is not in harmony with his own version.

Keeping in mind that in an action for injuries due to negligence it is necessary to prove, not only that the defendant was negligent, but that the plaintiff was guilty of no negligence contributing to the accident, it is difficult to understand how a jury, considering the evidence in this case, could have arrived at the verdict on which this judgment was entered. Accepting the plaintiff's own version of the accident, it is not clear that there was any negligence on the part of the defendant. If the car had come to a standstill, and this was followed by a jerk, it is not improbable that the jerk may have been the result of relaxing the brake chain, and there is no evidence that it was such a movement on the part of the car that it was calculated to result in injury to one who was exercising reasonable care in alighting from the car. If, on the other hand, the plaintiff was trying to leave the car before it had come to a standstill, it was important that the facts should be before the jury, that they might determine whether he had exercised that degree of care which the circumstances demanded. But the evidence is overwhelming, and, in a measure, in harmony with the testimony of the plaintiff, that the plaintiff was not injured by any action or any failure to act on the part of the defendant, but by a collision with a bicycle, after he had left the car of the defendant, and while he was from three to five feet from the car. While the verdict of a jury ought not to be lightly set aside or disregarded, there are cases in which the jury has so obviously strayed from the consideration of the evidence into the domain of speculation that considerations of justice demand a rehearing before another jury, and this is clearly such a case. The verdict is against the weight of evidence, and could not have been reached through any reasonable contemplation of the facts developed on the trial; and, as was said in the case of Pierce v. Railway Co., 21 App. Div., at page 431, 47 N. Y. Supp. 543: "Upon the whole testimony we are satisfied that the verdict was flagrantly against the weight of evidence, and we believe that the ends of justice will be subserved by the submission of the case to another jury."

The judgment and order appealed from are reversed, and a new trial granted.

Order denying motion for new trial reversed, and new trial granted, upon the appellant, within 20 days, paying the trial fee and disbursements of the trial; and, in case of such payment being made, the judgment appealed from is vacated. In case of failure of the appellant to comply with the terms aforesaid, the judgment and order appealed from are unanimously affirmed, with costs. All concur.