## O'DEA v. ALDRICH.

(Supreme Court, Appellate Division, Second Department.   November 23, 1900.)

APPEAL—REVIEW—VERDICT.
   A verdict of a jury should be set aside where it has so obviously strayed from consideration of the evidence into the domain of speculation that justice requires a rehearing.

Appeal from trial term, Kings county.

Action by Mary O'Dea against Elizabeth W. Aldrich. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and JENKS, JJ.

James L. Barger, for appellant.
James C. Cropsey, for respondent.

WOODWARD, J.   This court, in the case of Colvin v. Railroad Co., 32 App. Div. 76, 52 N. Y. Supp. 698, laid down the rule that, "while the verdict of a jury ought not to be lightly set aside or disregarded, there are cases in which the jury has so obviously strayed from the consideration of the evidence into the domain of speculation that considerations of justice demand a rehearing before another jury." I believe that the case at bar is clearly such a one as indicated in the authority cited. A lengthy analysis of the evidence in this case would not, in my judgment, be profitable, as the grounds of this decision are entirely obvious when the principle upon which it is based is stated. Upon the appellant paying the trial fee and disbursements of the trial already had, the order denying the motion for a new trial should be reversed, and a new trial granted, costs to abide the event.

Order denying motion for new trial reversed, and new trial granted, upon the appellant, within 20 days, paying the trial fee and disbursements of the trial, and, in case of such payment being made, the judgment appealed from is vacated. In case of the failure of the appellant to comply with the terms aforesaid, the judgment and order appealed from are affirmed, with costs. All concur.