### CASSIO v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

STREET RAILWAYS—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

 The plaintiff, in an action against a street-railway company for personal injuries, testified that he signaled the company's motorman to stop; that the car was stopped, and as he stepped on the running board the car was suddenly started, and he was carried about 15 feet, and struck by a pillar of an elevated road. He was facing in the direction in which the car moved. Several witnesses testified that the plaintiff jumped on the car while in motion, and swung himself along the running board, and that the conductor warned him when he boarded the car to look out for the pillar. *Held*, that plaintiff was guilty of contributory negligence.

Appeal from trial term, Kings county.

Action by Antonio Cassio against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Charles A. Collin, for appellant.

William O. Miles, for respondent.

JENKS, J.   The plaintiff gained a verdict for $200 damages for personal injuries, and this appeal is by the defendant from the judgment and order denying a new trial.   In Kaare v. Iron Co., 139 N. Y. 369, 377, 34 N. E. 901, 903, the court say:

"But where there is a vast preponderance in the evidence in favor of the defendant, and the defense is supported by numerous witnesses apparently entitled to credit, either unsupported or slightly supported, the general term should exercise an independent judgment, and give the defendant appealing to it the full benefit which the law, by the right of appeal, intends he should have"

See, too, Black v. Railroad Co., 44 App. Div. 333, 60 N. Y. Supp. 631; Harris v. Same, 48 App. Div. 118, 62 N. Y. Supp. 562; Colvin v. Railroad Co., 32 App. Div. 76, 52 N. Y. Supp. 698.

I am of opinion that this judgment must be reversed on the principle of these decisions, on the ground that the plaintiff failed to show his freedom from negligence contributing to the accident.   The plaintiff's case rests upon his own testimony, unsupported.   He testifies that he stood on the corner of a street; that before the car came to the corner he "did something to make it stop; that the car was stopped, and as soon as he 'got on the car' it started right away, and before he 'got on'"; that it was an open car, with a running board; that he did not enter the body of the car; that he had no time, because the car started all at once, and as soon as the car started he was struck by a pillar of the elevated railroad structure, and was injured. He further testifies that he was not thrown off the car until contact with the pillar; that he remained in the same attitude until such contact; that he was carried about 15 feet before he was struck; and that he was facing in the direction in which the car was moving.   The defendant called ten witnesses.   Two were the conductor and the motorman, who were not then in the defendant's employ; one was an employé of the defendant, who was a passenger; and the others were passengers.   All these witnesses testify directly that the car was in motion when the plaintiff boarded it, describing its speed from "ordinary" or "usual" to from three or four to six miles an hour.   Several of these witnesses testify that the plaintiff came running after the car, jumped on to the side board, and, instead of entering the car, which was not crowded or full, started to swing himself along the side board to another and more distant seat, and while so doing he came in contact with the pillar.   Bedell says there was a seat directly alongside of the plaintiff.   Several witnesses testify that the conductor warned him as he jumped on the car to "look out for the elevated railroad post."   Thus the evidence is clearly preponderant that the car was in motion at the time the plaintiff jumped on it; that plaintiff did not then enter the car, as he might have done, but swung himself along the running board; that the conductor cried out to him, as soon as he boarded the car, to look out for the posts; and the plain-

tiff testifies himself that he was facing in the direction that the car was going. The motorman did not see the plaintiff, and received no signal to stop the car. The plaintiff ran at the car from the side, or after it, while it was in motion. There is no evidence from which a person of ordinary care or prudence would have been justified in the belief that the car, then in motion, would come to a standstill before reaching the pillar. In my opinion, the conduct of the plaintiff, under the facts established by the defendant, was negligent, and contributed to the collision that was the sole cause of his injury. Moylan v. Railroad Co., 128 N. Y. 584, 27 N. E. 977; Murphy v. Railroad Co., 6 Misc. Rep. 298, 26 N. Y. Supp. 783, affirmed in 149 N. Y. 609, 44 N. E. 1126.

The judgment and order should be reversed, and a new trial ordered, with costs to abide the event. All concur, except SEWELL, J., taking no part.