BRINGMAN et al. v. VON GLAHN.

(Supreme Court, Appellate Division, Second Department.    April 18, 1902.)

ACTION ON NOTE—CONSIDERATION—EVIDENCE.

As, under Negotiable Instrument Law, § 50, a note imports consideration, introduction of a note in evidence in an action thereon is sufficient to establish plaintiff's claim, where defendant offers no evidence showing or tending to show any want or failure of consideration.

Appeal from municipal court.

Action by August Bringman and another, as administrators, against John C. D. Von Glahn. From a judgment dismissing the complaint, plaintiffs appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Robert S. Roy, for appellants.
R. A. Morrison, for respondent.

JENKS, J. This action is upon a promissory note made by the defendant in favor of the intestate of the plaintiffs. The defendant admitted the making and delivery of the note, the nonpayment thereof, and the status of the plaintiffs. He denied that the note was given for value, or that the testator ever gave any consideration therefor. His counterclaim was withdrawn because the subject thereof had been embodied in a claim filed against the estate. The plaintiffs read the note in evidence and rested, and thereupon the defendant offered certain testimony. The learned court gave judgment for the defendant, dismissing the complaint on the merits.

The instrument imported consideration. Section 50, Negotiable Instrument Law; Hegeman v. Moon, 131 N. Y. 462, 467, 30 N. E. 487. When the plaintiffs read it in evidence, they became entitled to the presumption that it was "a valid obligation, based upon a good and legal consideration, and the burden of showing that there was a want of consideration rested on the defendant." Durland v. Durland, 153 N. Y. 67, 74, 47 N. E. 42, et seq. They could therefore then safely rest. If the defendant had offered any evidence that showed or tended to show want of consideration, then it was incumbent upon the plaintiffs to show by a fair preponderance of evidence, upon the whole case, that there was consideration. But as the testimony offered by the defendant did not show or tend to show any failure of consideration, the judgment must be reversed, and a new trial ordered; costs to abide the event. All concur.

———————

HOGAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.    April 18, 1902.)

CARRIERS—INJURIES TO PASSENGER—EVIDENCE—SUFFICIENCY.

Where, in an action against a street car company for injuries, defendant's evidence clearly shows that plaintiff received her injuries in attempting to alight from a moving car, and plaintiff's case rests on

her unsupported testimony, partially contradicted by her own witnesses and by the circumstances of the case, a verdict in her favor cannot be sustained.

Appeal from trial term.

Action by Anna Hogan against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff and an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before VAN BRUNT, P. J.; and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Theodore H. Lord, for appellant.

Frank J. Griffin, for respondent.

HATCH, J. We think the judgment in this case should be reversed upon the ground that the verdict upon which it was based is against the clear weight of the testimony given upon the trial. So far as the case of the plaintiff finds support, it is in the testimony given by the plaintiff alone, and is either contradicted by affirmative oral testimony or by the circumstances surrounding the occurrence of the accident. The plaintiff testifies that on March 13, 1899, she took a car of the defendant at 17th street to ride to 19th street, where she resided; that the car stopped at the corner of 19th street, and she got up to alight therefrom, being preceded by another lady passenger who was also alighting at that point; and that, as she was getting upon the step to alight, the car suddenly started, and she was thrown therefrom, struck upon the pavement, and became unconscious. She was cut on the temple, across the forehead, and on the lip, hand, and shoulder. After the accident she was taken to the hospital, but did not remain, returning home the same day. Thereafter she was under medical treatment from March 15th to the 1st day of June following. In support of her claim she called a policeman, who, however, did not see the accident, and did not know how it happened. He testified that the first he saw was when the car came to a standstill on the north side of 18th street, that being the first street south of where plaintiff resided, in which direction the car was running. He saw the plaintiff lying about 20 feet north of 18th street. If the plaintiff's story was to be believed, that the car stopped at 19th street, and she was thrown therefrom by its sudden starting, and the story of the policeman be true as to where he found her, the starting of the car must have thrown her a distance, approximately, of 180 feet, which seems somewhat improbable. Another policeman, called by the plaintiff, testified that he did not see the accident, but saw the plaintiff lying in the street at about the second elevated pillar north of 18th street, which would make the distance where plaintiff lay slightly less from 19th street than the other policeman placed her.

This was all the testimony upon the part of the plaintiff. The testimony upon the part of the defendant was derived from three passengers who were upon the car, from Devey, a night watchman in Simpson, Crawford & Simpson's, and from Cobert, the conductor of the car at the time of the accident, but who was not at the time of the trial in the employ of the defendant. The defendant also showed that another of the passengers upon the car was in Europe, and that

his testimony was not, therefore, available, and that the motorman of the car was not then in the employ of the defendant, and could not be found. The conductor testified that after the car had passed 19th street the plaintiff discovered such fact, immediately arose, and started to leave the car, which was then in motion, and that he tried to stop her, but failed, and, in getting off the car, she was thrown to the street between 18th and 19th streets. In this respect he was corroborated by the three passengers and by Devey, the night watchman. It is, therefore, evident that the testimony of all the defendant's witnesses was clear and decisive to the effect that the plaintiff attempted to alight from the car when it was between 19th and 18th streets; that she was thrown to the pavement in making such attempt, and received the injuries of which she now complains. The testimony of the two policemen called in her behalf tends also to corroborate the story told by the defendant's witnesses, as there is little disparity between their testimony and that given by the defendant as to where the plaintiff lay in the street after the accident, and it seems to follow, as an inevitable conclusion, that she could not have been in the position where she lay unless she attempted to alight from the car after it had passed 19th street.

The right of the plaintiff to recover, therefore, came to rest upon her unsupported oral testimony, contradicted by all the other witnesses, both on the part of the plaintiff and the defendant and by the circumstances of the case. Under such circumstances the verdict ought not to be permitted to stand. The judgment and order should, therefore, be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.