## WOLF v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.  April 9, 1903.)

1. STREET RAILWAYS—ATTEMPT TO BOARD CAR — INJURIES—WEIGHT OF EVIDENCE.

In an action against a street railway company for injuries received in boarding a car, where the evidence of all the witnesses except that of the plaintiff, was that he was injured in attempting to get on the car while moving around a curve, a verdict for plaintiff was set aside as against the weight of the evidence.

Appeal from Trial Term, New York County.

Action by William Wolf against the Metropolitan Street Railway Company.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

A. Ofner, for appellant.

A. Levy, for respondent.

PATTERSON, J.  This judgment and the order denying a motion for a new trial must be reversed, on the ground that the verdict of the jury was against the evidence.  The plaintiff complains that he was injured by the premature starting of a horse car as he was attempting to enter it.  He states in his complaint that the car had come to a full stop, and while he was in the act of stepping on the same, having his hand upon the rail, the car suddenly started with a jerk, in consequence of which he was thrown from the step to the ground, and sustained injuries.  Upon the trial he swore that he was standing at the corner of First avenue and Thirty-Fourth street, waiting for a car to come westward along Thirty-Fourth street.  He says he was carrying a jug of liquor in his left hand, and that with his right hand he grasped the car, but before he could enter upon it it was prematurely started.  There was no corroboration of his testimony, but, on the contrary, several witnesses testified to a state of facts which showed his story to be unreliable.  The car which the plaintiff attempted to enter moved along First avenue to a curve in Thirty-Fourth street, upon rounding which curve it was to proceed westerly along Thirty-Fourth street.  The great preponderance of evidence is that the plaintiff attempted to board the car on the curve and while the car was in motion.  There is nothing in the proof to indicate that the plaintiff was invited to enter the car before it stopped.  His whole claim is based upon the allegation that the car had actually stopped and was prematurely started.

Foy, the conductor of the car, swears that it was in motion, going around the curve, when the plaintiff tried to board it.  Kessler, the driver, swears that it was going round the curve, and that it had proceeded almost around the curve to the straight line on Thirty-Fourth street, when three bells (the signal of danger requiring the immediate stopping of the car) were sounded; that he looked back, and saw a police officer with a man (identified as the plaintiff) back of the car walking towards the sidewalk, and also saw a broken demijohn

on the ground. Kelly, who was a passenger, swears that he was stand-ing on the back platform; that the car was going around the curve, the horses being on a walk, when the plaintiff reached out with his left hand to catch the dashboard, and made an attempt to get on the car; that he had the demijohn in his right hand; he missed his footing—how, the witness could not tell—and the next thing he saw was that the plaintiff was falling into the street; that the car had not stopped before the plaintiff attempted to get on. No one tried to get on that car but the plaintiff. Waters, a policeman, saw the plaintiff attempt to board the car. This witness was standing at the northwest corner of Thirty-Fourth street and First avenue. He says that the plaintiff was standing at that corner at the gutter with a demijohn in his right hand, and started for the car while it was on the curve, and "grabbed hold of the rear with his left hand, and attempted to step on the car"; that the momentum of the car drag-ged him to the ground, throwing the demijohn also, which was broken. This witness assisted the plaintiff to his feet, and asked him if he were hurt. This witness also testified that while the plaintiff was attempting to get on the car it was in motion, and had not yet reached the straight track on Thirty-Fourth street.

The case is so plain as to require no further comment. There may be slight immaterial discrepancies in testimony, which are only of the ordinary character when different spectators give an account of the same occurrence. The overwhelming effect of the whole evidence is that the plaintiff did not attempt to enter a car which had come to a stop and which was prematurely started, but that he attempted, incumbered as he was, to enter a car moving on a curve.

The judgment and order appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.