## CLANCY v. YONKERS R. CO.

(Supreme Court, Appellate Division, Second Department.   November 20, 1903.)

1. APPEAL—NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

Judgment for plaintiff in an action for injury from the starting of a street car while she was alighting after it had been stopped on her signal will be reversed as against the weight of evidence, she having no witness, and four apparently disinterested witnesses, besides the conductor and motorman, testifying that, after plaintiff had asked the conductor to stop the car, she, disregarding his warning, alighted while it was in motion, and before it had stopped.

Appeal from City Court of Yonkers.

Action by Maria Clancy against the Yonkers Railroad Company. From a judgment for plaintiff and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

B. H. Ames (Charles F. Brown and Arthur Ofner, on the brief), for appellant.

Thomas F. Curran, for respondent.

JENKS, J. I think that the judgment should be reversed, on the ground that it is against the weight or preponderance of evidence. The plaintiff complains that she signaled the defendant's conductor to stop the car, which was done, and that while alighting therefrom the car was negligently started, so that she was cast into the street. Her case rests solely upon her testimony. She also testifies that she knew many by sight upon the car, but none by name, and that she subsequently called upon Mr. Earl, Mrs. Evans, and Mr. Chasin about the accident. But she called none of these persons to the witness stand. On the contrary, they were all witnesses for the defendant. Aside from the testimony of the conductor and the motorman, that of four apparently disinterested witnesses, who were passengers on the car, is to the effect that, after the plaintiff had asked the conductor to stop the car, and while it was yet in motion, heedless of the com-

mand or warning of the conductor, she alighted before it had stopped. Under her pleading the plaintiff must base any recovery upon the negligent starting of the car after it had been stopped upon her signal. Upon this record, she has not successfully borne the burden cast upon her, and we should direct the submission of the case to another jury. McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 70, 60 N. E. 282; Kaare v. T. S. & I. Co., 139 N. Y. 369, 34 N. E. 901; Wolf v. Metropolitan St. Ry. Co. (Sup.) 81 N. Y. Supp. 257; Hogan v. Metropolitan Street Railway Company, 71 App. Div. 614, 75 N. Y. Supp. 845; Colvin v. Brooklyn Heights R. R. Co., 32 App. Div. 76, 52 N. Y. Supp. 698.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.