LILLIENTHAL v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.   November 3, 1905.)

CARRIERS—INJURIES TO PASSENGER—EVIDENCE—SUFFICIENCY.
   Evidence in an action against a street railway company for injuries received by a passenger while attempting to board a car examined, and *held* insufficient to support a verdict for plaintiff.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Benjamin Lillienthal against the New York City Railway Company.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGER-ALD, JJ.

William E. Weaver, for appellant.

Gainsburg & Solomon, for respondent.

FITZGERALD, J. Plaintiff testified that at the time of the accident he lived at No. 150 Norfolk street; that he was at Thirteenth street and Third avenue on business; that he wished to take a downtown car; that he stood on the southwest corner of Third avenue and Thirteenth street; that he saw a south-bound car approaching; that he signaled it, that it came to a full stop; that he proceeded to board it, and that while he had one foot on the car and the other foot on the running board, and was holding a bar with one hand, he heard two bells given; that the car started with a jerk, and that he fell off. He proceeds, then, to give the subsequent details as follows: That he was taken in an ambulance to Bellevue Hospital, where he received some medical treatment, which institution he left shortly thereafter, going to his home in Norfolk street directly by horse car. Max Rosenblaum, the sole disinterested witness to the occurrence, called by plaintiff, while corroborating him as to his narration of the manner of the happening of the accident, contradicts him flatly upon many most material points. This witness claimed that he was at plaintiff's home that same evening about 7:30 o'clock, and that he saw the plaintiff there; but on cross-examination he gave the address of this home as 115th street. It is impossible to reconcile these two statements, and there are many other equally irreconcilable contradictions disclosed by the record, which it is not necessary to detail.

Defendant's conductor testified that there was a fire engine house on Thirteenth street, and that the car stopped at the northerly crossing, and, starting from there, proceeded without stopping past the southerly corner; that he was collecting fares; that he heard something on the footboard; that he turned around, and saw a man rolling on street; that he gave three bells, the emergency signal; that car stopped, and that he went to plaintiff's assistance; that, when plaintiff fell, the car was about 60 feet from the northerly crossing of Twelfth street. Henry Romm, an apparently disinterested person, testified that he saw plaintiff running after the car while it was moving rapidly and try to board it, and that he was hanging on, with one foot off and his body over the edge, when he fell, and in falling struck an elevated railway post. Romm's story is corroborated by three other witnesses, all apparently disinterested. It would be impossible to hold under the circumstances that plaintiff established his case by a preponderance of evidence. On the contrary, the greater weight of reliable testimony was manifestly upon the side of the defendant, and justice requires the reversal of the judgment. Hogan v. Met. St. Ry. Co., 71 App. Div. 614, 75 N. Y. Supp. 845; Koester v. Int. St. Ry. Co. (Sup.) 90 N. Y. Supp. 375.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.