We do not find the defendant in any manner waived his right to insist that the evidence is insufficient in this regard to warrant the conviction. At the close of the plaintiff's case, and at the close of all the evidence, he duly moved for an acquittal, and excepted to the refusal of the court to so direct the jury. The learned trial judge in his charge to the jury assumed that the fire was of incendiary origin, and no exception was taken to this charge, but we think that does not supply the want of evidence of the criminal origin of the fire.

The judgment must be reversed, and a new trial granted.

McLAUGHLIN and PATTERSON, JJ., concur. VAN BRUNT, P. J., and O'BRIEN, J., dissent.

---

### PADBURY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. April 25, 1902.)

TRIAL—DIRECTED VERDICT—WEIGHT OF EVIDENCE.
     The fact that the evidence so preponderates in defendant's favor that a verdict for plaintiff will be set aside as against the weight of the evidence does not authorize a directed verdict for defendant.

Appeal from trial term, New York county.

Action by Sarah E. Padbury against the Metropolitan Street Railway Company. From a judgment directed for defendant, the plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Louis J. Grant, for appellant.
Henry A. Robinson, for respondent.

LAUGHLIN, J. This action is brought to recover damages for personal injuries sustained by the plaintiff while attempting to alight from one of the defendant's cars upon which she was a passenger. The plaintiff gave evidence tending to show that she was free from negligence, and was injured through the negligence of the defendant. The material facts were controverted by the testimony introduced on the part of the defendant. The record indicates that the learned trial justice considered that the evidence preponderated in favor of the defendant, and accordingly, at the close of the evidence and upon defendant's motion, a verdict was directed in its favor.

The authority of the court to direct a verdict in accordance with the preponderance of the evidence, where the court would set the verdict aside as against the weight of the evidence if rendered in favor of the other party, was not at that time definitely settled by the decisions. Subsequently, however, the court of appeals in McDonald v. Railway Co., 167 N. Y. 69, 60 N. E. 282, decided that in such circumstances the case must be submitted to the jury in the first instance.

It follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.