(77 App. Div. 588.)

SHORTSLEEVE v. STEBBINS.

(Supreme Court, Appellate Division, Fourth Department. December 2, 1902.)

1. NEGLIGENCE—EVIDENCE—SUFFICIENCY—QUESTION FOR JURY.
   Whether defendant, who crossed a highway on his bicycle so near to a horse drawing a vehicle as to frighten him and cause a runaway, resulting in the death of one of the occupants of the vehicle, was guilty of negligence, *held*, on the evidence, to be a question for the jury.

2. SAME—CREDIBILITY OF WITNESSES.
   The jury are entitled to consider, with the other evidence in the case,— for the recovery for the death of a person by reason of defendant's negligence,—the testimony of a witness testifying as to how the accident happened, though the witness, on cross-examination, admitted that before the trial he had told the cross-examiner that he knew nothing about the accident, and his evidence was so contradictory and unsatisfactory that the trial judge gave it no credence.

3. SAME—CAUSE OF DEATH—EVIDENCE—QUESTION FOR THE JURY.
   Whether the death of a person injured in a runaway caused by defendant's negligence was in consequence of the injuries sustained by reason of the runaway, *held*, on the evidence, to be a question for the jury.

Appeal from trial term, Cayuga county.

Action by Edward Shortsleeve, as administrator, against Henry H. Stebbins. From a judgment for defendant, and from an order denying a motion for a new trial upon the minutes, plaintiff appeals. Reversed.

This action was brought to recover damages for the death of the plaintiff's intestate, which it is alleged was caused by the defendant's negligence. On the 2d day of August, 1899, the plaintiff, with his wife and two small children, was driving in a low, one-horse top phæton along the highway leading from the city of Oswego to the village of Minetto. While descending a hill very near the latter place, and at a point about 150 feet north of a stone viaduct or culvert, the horse gave a start, breaking the whiffletree of the wagon, from which it soon broke loose, and the occupants of the wagon were presently thrown to the ground with considerable violence. Mrs. Shortsleeve struck upon her head and shoulders, and her two children fell upon her. Running along by the side of and parallel to the highway was a cinder path, five feet in width, designed for the use of bicycles, and it appears that upon the day in question the defendant and his son were riding their wheels upon this path; and it is alleged that when they reached a point opposite the plaintiff's wagon the defendant left the cinder path and attempted to pass the plaintiff upon the highway, and that in doing so he ran into or close to the plaintiff's horse, in consequence of which the horse took fright, with the result hereinbefore mentioned. Mrs. Shortsleeve died upon the 6th day of January, following the accident, and her death, it is claimed, was attributable to the injuries she had previously received. Upon the trial a verdict was directed in favor of the defendant at the close of the evidence, upon the ground that the plaintiff had failed to establish by satisfactory proof any negligence upon the part of the defendant; and from the judgment entered upon such direction, as well as from an order denying the plaintiff's motion for a new trial, this appeal is brought.

Argued before ADAMS, P. J., and McLENNAN, SPRING, and WILLIAMS, JJ.

Frank T. Miller, for appellant.
D. P. Morehouse, for respondent.

ADAMS, P. J. The evidence of the defendant's negligence was not altogether satisfactory, and, as the law was understood at the time of the trial, the learned trial justice was doubtless justified in pursuing the course he did, provided he was convinced that he would be compelled to set aside a verdict if perchance one were rendered in favor of the plaintiff. Nevertheless it cannot be said that there was no evidence of any negligence upon the part of the defendant. The witness June testified that he saw the accident, and that he observed the defendant come "straight out of the bicycle path, and cut right across the road, right in front of the horse, so he hit the horse, and the horse threw up his head"; that the horse then reared, and broke the whiffletree, and ran until he reached the culvert, when the occupants of the wagon were thrown out. Upon his cross-examination this witness admitted that before the trial he had told the defendant's counsel that he knew nothing about the accident, and his evidence was so contradictory and unsatisfactory that the learned trial judge obviously gave it no credence whatever. While we are not prepared to take issue with the trial court upon this particular feature of the case, it is but fair to say that there was some other evidence given which it is claimed

tended to support that of this witness. The plaintiff testified that the defendant left the cinder path, and while he does not claim that he ran into the horse, he does say that he came in front of him, upon his wheel, without any warning, and so close to his head as to frighten him; and it is conceded that after the accident the defendant voluntarily handed the plaintiff his card, telling him to have his wagon and harness repaired and he would pay for the same. We think that, however the trial court may have been impressed with the unreliability of the witness June, the jury were entitled to consider his testimony, and, in connection with the other evidence in the case, to give to it such weight as they might deem proper (People v. Chapleau, 121 N. Y. 267, 24 N. E. 469; Williams v. Railroad Co., 155 N. Y. 158, 49 N. E. 672; Ten Eyck v. Whitbeck, 156 N. Y. 342, 50 N. E. 963), and that in view of the rule which has been recently established by the decision of the court of appeals in the case of McDonald v. Railroad Co., 167 N. Y. 70, 62 N. E. 282, it was error to withhold the question of the defendant's negligence from the jury. This much was expressly conceded by the learned counsel for the defendant upon the argument, but it is now claimed that, even admitting the defendant's negligence, there is no evidence that it in any wise caused the death of the plaintiff's intestate. This contention, in our judgment, cannot be sustained, for it appears that the night after the accident Mrs. Shortsleeve suffered pain in her head, neck, and shoulders; that her husband bathed the sore parts with witch-hazel; that this treatment was continued night and morning for some time thereafter, without relieving the pain; that, while attempting to perform her customary household duties, Mrs. Shortsleeve suffered much pain; that in three or four weeks after the accident she was compelled to take to her bed; that on the 3d day of November a physician was called, who attended her from that time until the day of her death; that shortly thereafter she gave premature birth to a child, which was deformed; and that subsequently she went into convulsions, in one of which she died early in January. These convulsions, her physician testified, resulted, in his opinion, from an injury to her spine; and, in answer to a hypothetical question, he also expressed the opinion that the condition in which he found Mrs. Shortsleeve was due to the injury she received at the time of the accident. In view of this evidence, we fail to see how it can be claimed that the cause of her death was not a question of fact for the jury, and therefore it follows that a new trial must be granted.

Judgment and order reversed upon questions of law only, and a new trial ordered, with costs to the appellant to abide the event; this court having examined the facts and found no error therein. All concur.