### SCHNITZLER v. ORIENTAL METAL BED CO.

(Supreme Court, Appellate Term. May 23, 1905.)

TRIAL—SETTING ASIDE VERDICT—WEIGHT OF EVIDENCE.

    While plaintiff's case may be such as to call for its submission to the jury, yet, where the weight of the evidence is with defendant, and plaintiff has clearly failed to sustain the burden of proof, a verdict for plaintiff should be set aside.

    [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, § 142.]

Appeal from City Court of New York, Trial Term.

Action by Rosie Schnitzler against the Oriental Metal Bed Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

H. B. Davis, for appellant.

Abraham H. Sarasohn, for respondent.

SCOTT, P. J. Appeal from judgment. The case for plaintiff rested solely upon her own evidence, uncorroborated by any one, and contradicted by a number of witnesses, some of them apparently disinterested. Her own story is full of contradictions, some, but

not all, of which may be accounted for by her ignorance. In our opinion, the weight of the evidence rested with defendant, and, while it was proper enough to submit the case to the jury (McDonald v. Met. St. Ry. Co., 167 N. Y. 66, 60 N. E. 282), still we think that the verdict should have been set aside and a new trial granted. Clearly the plaintiff did not sustain the burden of proof.

Judgment and order reversed and new trial granted, with costs to appellant to abide the event. All concur.