167 66
167 347
167 66
75 AD 269
s 75 AD 560
167 66
e 77 AD 115
f 77 AD 591

Grace McDonald, as Administratrix of John F. McDonald, Deceased, Appellant, *v.* The Metropolitan Street Railway Company, Respondent.

Trial — Direction of Verdict, when Improper. The court cannot in any case where the right of trial by jury exists and the evidence presents an actual issue of fact, properly direct a verdict; if in such a case it is dissatisfied with the verdict because against the weight or preponderance of evidence, it may be set aside, but a new trial must be granted before another jury, and the direction of a verdict under such circumstances is reversible error.

*McDonald* v. *Met. St. Ry. Co.,* 46 App. Div. 143, reversed.

(Argued March 22, 1901; decided April 30, 1901.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 19, 1900, upon an order affirming a judgment in favor of defendant entered upon a verdict directed by the court and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edmund L. Mooney* and *M. P. O'Connor* for appellant. The trial justice erred in directing a verdict in favor of the defendant, merely because, in his opinion, the evidence preponderated in defendant's favor. (*Luhrs* v. *B. H. R. R. Co.*, 11 App. Div. 173; *Colt* v. *S. A. R. R. Co.*, 49 N. Y. 671; *Fealey* v. *Bull*, 163 N. Y. 397; *Bagley* v. *Bowe*, 105 N. Y. 171; *Linkauf* v. *Lombard*, 137 N. Y. 417; *Hemmens* v. *Nelson*, 138 N. Y. 517; *Williams* v. *D., L. & W. R. R. Co.*, 155 N. Y. 158; *Sheridan* v. *B., C. & N. R. R. Co.*, 36 N. Y. 39; *Mangan* v. *B. R. R. Co.*, 38 N. Y. 455; *Birkett* v. *K. Ice Co.*, 110 N. Y. 504.)

*Charles F. Brown* and *Henry A. Robinson* for respondent. This court should not disturb the direction of the verdict under the facts in this case. (*Bulger* v. *Rosa*, 119 N. Y. 459; *People* v. *Cook*, 8 N. Y. 67; *Wilds* v. *H. R. R. R. Co.*, 24 N. Y. 430; *Linkauf* v. *Lombard*, 137 N. Y. 417; *Hemmens* v. *Nelson*, 138 N. Y. 517; *Hudson* v. *R., W. & O. R. R. Co.*, 145 N. Y. 408; *Laidlaw* v. *Sage*, 158 N. Y. 73; *Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 358; *Unger* v. *F. S. S. & G. S. F. R. R. Co.*, 51 N. Y. 497; *Williams* v. *D., L. & W. R. R. Co.*, 155 N. Y. 158.) Where the court would be bound to set aside the verdict, it may take the matter into its own hands and direct a verdict in favor of the party entitled thereto. (*People* v. *Cook*, 8 N. Y. 67; *Wilds* v. *H. R. R. R. Co.*, 24 N. Y. 430; *Baulec* v. *N. Y. & H. R. R. Co.*, 59 N. Y. 356; *Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341; *Bulger* v. *Rosa*, 119 N. Y. 459; *Linkauf* v. *Lombard*, 137 N. Y. 417; *Hemmens* v. *Nelson*, 138 N. Y. 517; *Pollock* v. *Pollock*, 71 N. Y. 137; *Jenell* v. *Parr*, 13 C. B. 916; *Hudson* v. *R., W. & O. R. R. Co.*, 145 N. Y. 408.)

Martin, J. This action was for personal injuries resulting in the death of the plaintiff's intestate, and was based upon

the alleged negligence of the defendant. An appeal was allowed to this court upon the ground of an existing conflict in the decisions of different departments of the Appellate Division as to when a verdict may be directed where there is an issue of fact, and because in this case an erroneous principle was asserted which, if allowed to pass uncorrected, would be likely "to introduce confusion into the body of the law." (*Sciolina* v. *Erie Preserving Co.*, 151 N. Y. 50.) The court having directed a verdict, the appellant is entitled to the most favorable inferences deducible from the evidence, and all disputed facts are to be treated as established in her favor. (*Ladd* v. *Ætna Ins. Co.*, 147 N. Y. 478, 482; *Higgins* v. *Eagleton*, 155 N. Y. 466; *Ten Eyck* v. *Whitbeck*, 156 N. Y. 341, 349; *Bank of Monongahela Valley* v. *Weston*, 159 N. Y. 201, 208.)

If believed, the testimony of the plaintiff's witnesses was sufficient to justify the jury in finding the defendant negligent and the plaintiff's intestate free from contributory negligence. The evidence of the defendant was in many respects in direct conflict, and if credited would have sustained a verdict in its favor. Whether the defendant was negligent, the plaintiff's intestate free from contributory negligence, and the amount of damages, were submitted to the jury. It, however, having agreed upon a general verdict and failed to answer the questions submitted, the trial judge withdrew them and directed a verdict for the defendant. Upon the verdict so directed a judgment was entered. Subsequently an appeal was taken to the Appellate Division, where it was affirmed, and the plaintiff has now appealed to this court.

Although there was a direct and somewhat severe conflict in the evidence, the questions of negligence and contributory negligence were clearly of fact, and were for the jury and not for the court unless the right of trial by jury is to be partially if not wholly abolished. It was assumed below that the plaintiff's evidence established a case which, undisputed, was sufficient to warrant a verdict in her favor. But the court said that at the close of the defendant's evidence the

plaintiff's case had been so far overcome that a verdict in her favor would have been set aside as against the weight of evidence. Upon that alleged condition of the proof, it held that the trial court might have properly submitted the case to the jury if it saw fit, but that it was not required to as the verdict might have been thus set aside. The practical result of that decision, if sustained, is in every close case to vest in the trial court authority to determine questions of fact, although the parties have a right to a jury trial, if it thinks that the weight of evidence is in favor of one and it directs a verdict in his favor.

There have been statements by courts which seem to lend some justification to that theory, but we think no such broad principle has been intended and that no such rule can be maintained either upon principle or authority. The rule that a verdict may be directed whenever the proof is such that a decision to the contrary might be set aside as against the weight of evidence would be both uncertain and delusive. There is no standard by which to determine when a verdict may be thus set aside. It depends upon the discretion of the court. The result of setting aside a verdict and the result of directing one are widely different and should not be controlled by the same conditions or circumstances. In one case there is a re-trial. In the other the judgment is final. One rests in discretion; the other upon legal right. One involves a mere matter of remedy or procedure. The other determines substantive and substantial rights. Such a rule would have no just principle upon which to rest.

While in many cases, even where the evidence is sufficient to sustain it, a verdict may be properly set aside and a new trial ordered, yet, that in every such case the trial court may, whenever it sees fit, direct a verdict and thus forever conclude the parties, has no basis in the law, which confides to juries and not to courts the determination of the facts in this class of cases.

We think it cannot be correctly said in any case where the right of trial by jury exists and the evidence presents an

actual issue of fact, that the court may properly direct a verdict. So long as a question of fact exists, it is for the jury and not for the court. If the evidence is insufficient, or if that which has been introduced is conclusively answered, so that, as a matter of law, no question of credibility or issue of fact remains, then the question being one of law, it is the duty of the court to determine it. But whenever a plaintiff has established facts or circumstances which would justify a finding in his favor, the right to have the issue of fact determined by a jury continues, and the case must ultimately be submitted to it.

The credibility of witnesses, the effect and weight of conflicting and contradictory testimony, are all questions of fact and not questions of law. If a court of review having power to examine the facts is dissatisfied with a verdict because against the weight or preponderance of evidence, it may be set aside, but a new trial must be granted before another jury so that the issue of fact may be ultimately determined by the tribunal to which those questions are confided. If there is no evidence to sustain an opposite verdict, a trial court is justified in directing one, not because it would have authority to set aside an opposite one, but because there was an actual defect of proof, and, hence, as a matter of law, the party was not entitled to recover. (*Colt* v. *Sixth Ave. R. R. Co.*, 49 N. Y. 671; *Bagley* v. *Bowe*, 105 N. Y. 171, 179.)

We have recently considered the question involved in the case at bar, have practically reaffirmed the doctrine of the foregoing cases, and have reviewed the cases upon which the court below seems to have based its decision. (*Fealey* v. *Bull*, 163 N. Y. 397.)

The learned judge who delivered the opinion in that case plainly demonstrated that the doctrine enunciated by the court below has no actual support in *Linkauf* v. *Lombard* (137 N. Y. 417) and *Hemmens* v. *Nelson* (138 N. Y. 517). He shows that in those cases there was no sufficient evidence to sustain the verdicts, and that if there had been this court would have had no jurisdiction to reverse. His examination further dis-

closes that the reversal in the *Linkauf* case was upon the ground that the proof amounted at most to a mere surmise, and that in the *Hemmens* case the principle that if there is any evidence upon a question of fact it should be submitted to the jury, was asserted. The clearness and ability with which the question was discussed by him render it unnecessary to further consider it at this time.

We are of the opinion that a plain issue of fact was presented for the jury; that the court erred in directing a verdict; that the judgment and order should be reversed and a new trial granted, with costs to abide the event.

PARKER, Ch. J., BARTLETT, VANN, CULLEN and WERNER, JJ., concur; GRAY, J., dissents.

Judgment reversed, etc.