TRAPASSO v. COLEMAN et al.

(Supreme Court, Appellate Division, Second Department. June 6, 1902.)

MASTER AND SERVANT—NEGLIGENCE—DIRECTION OF VERDICT.

    While plaintiff's intestate was employed, with a large number of other men, in getting out stone in a quarry on a hillside, a rock which had been loosened, probably, by some previous blast, fell on him, causing injuries from which he died. The evidence showed no lack of due care on the part of his employers and their servants in respect to any duty owed by them, and, if there was any negligence by any one, it was that of deceased or of his fellow servants in the performance of a detail of the work. *Held*, that a verdict was properly directed for defendants.

Appeal from trial term, Kings county.

Action by Evangelista Trapasso, as administrator of the estate of Vincenzo Renda, against James S. Coleman and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Thomas J. O'Neill, for appellant.
Paul Gorham, for respondents.

WOODWARD, J. The court having directed a verdict in this case, the appellant is entitled to the most favorable inferences deducible from the evidence, and all disputed facts are to be treated as established in his favor (McDonald v. Railway Co., 167 N. Y. 66, 68, 60 N. E. 282, and authorities there cited); but, reading the evidence under this rule, the plaintiff has utterly failed to show any neglect of any duty which the defendants owed to the plaintiff's intestate. There is no evidence that the place in which the deceased was put at work was not reasonably safe, considering the nature of the work to be performed; no evidence that the tools and appliances were not reasonably adapted to the work; and no evidence that the foreman and those in charge of the work were not competent and reliable men, or that the plaintiff's intestate was free from contributory negligence. The only question on which there was even the semblance of a conflict of evidence was whether the subforeman in immediate charge of the gang in which plaintiff's intestate was at work at the time of the accident was given to drink. It is not contended that he was drunk at the time of the accident, or that, if drunk, his condition had anything to do with the falling of the rock which caused the death of the plaintiff's intestate; and there could therefore be no liability on the part of the defendants, even though it be conceded that their subforeman had at some time previous to the accident been known to be drunk, or even that he had on the day of the accident, and following it, been seen to take a drink of beer. The case at bar is not to be distinguished in principle from Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905, Perry v. Rogers, 157 N. Y. 251, 51 N. E. 1021, and Capasso v. Woolfolk, 163 N. Y. 472, 57 N. E. 760; and, the evidence showing no negligence of any duty owed by the defendants to plaintiff's intestate, the direction of a verdict for the defendants was entirely proper.

Plaintiff's intestate was employed, with a large number of men, in getting out stone for the construction of a dam. The quarry was situated in a hillside, and from time to time large blasts were made to separate the rock from the hill. Plaintiff's intestate in October, 1898, was at work upon a large rock which had thus been separated, at the base of the hill, when a rock which had been loosened, probably, in a previous explosion, fell upon him, causing injuries from which he died. The evidence showed no lack of due care on the part of the defendants and their servants in respect to any duty owed by the latter, and, if there was any negligence on the part of any one, it was that of the plaintiff's intestate, or that of his fellow servants, in the performance of a detail of the work, for which the defendants are not liable. The danger was one which must have been as obvious to the plaintiff's intestate as to the defendants, and the latter having furnished him with all needful appliances, and with competent fellow servants, there can be no recovery. The evidence on the part of the defendants shows affirmatively a discharge of all the duties owed to the plaintiff's intestate, thus making the case peculiar-

ly strong, and fully sustaining the action of the court in directing a
verdict.

The judgment and order appealed from should be affirmed, with
costs. All concur.