### PEOPLE ex rel. MILLER v. DICK et al.

(Supreme Court, Appellate Division, Third Department.   May 6, 1903.)

1. ELECTION—VOTES CAST—QUESTION OF FACT.
   Evidence in mandamus to determine relator's right by election to the office of mayor examined, and *held* to present a question of fact for the jury as to the number of votes cast.

   Smith, J., dissenting.

Appeal from Trial Term.

Mandamus by the people of the state of New York, on the relation of George W. Miller, against James Dick and others, as the board of inspectors of the First Election District of the Second Ward of the city of Ithaca, and others. From a judgment for relator entered on a verdict directed at trial term, respondents appeal. Reversed.

An alternative writ of mandamus was issued, and an issue of fact was joined which was directed to be tried by a jury. The issue to be so tried was whether the voting machine in this election district did at the election in November, 1902, register for the relator for the office of mayor of the city of Ithaca 140 votes or only 133 votes. The tally sheets and the certificate of the inspectors of election, duly returned and filed, reported the votes for the relator to have been 133. The general canvass of the city council, based upon these figures in this election district, declared a tie vote for the office of mayor, and hence no election.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

William Nelson Noble, for appellants.

William Hazlitt Smith (Randolph Horton, of counsel), for respondent.

KELLOGG, J. The principal error complained of by appellants, and the only one of a serious nature, was the direction of a verdict by the trial court in favor of the relator, and so disposing of the case as a question of law on the evidence. I think this was clearly error. The tally sheets and the certificate of inspectors made a prima facie case that the machine registered 133 votes for the relator. The tally sheets and inspectors' certificate were regularly made, and could not be, as a matter of law, declared void and ineffectual upon the testimony of witnesses who claim to remember to have heard the chairman call the number at 140. Of the many people present at the reading of the machine registry by the chairman, one claims to have seen the number 140 upon

the registry; three others claim to have heard 140 called by the chairman. None of the witnesses were able to state the vote as called by the chairman for any other office, though the vote for state, county, and city offices were called in their order. No reason is given why the vote for mayor should have been remembered rather than the vote for other officers. None of the witnesses are shown to have any more interest in the vote for mayor than for any other candidate. The election was held November 4th. The trial began January 15th. The jury, under such circumstances, were not bound to accept the recollection of these witnesses as conclusive against the tally sheets and the certificate of the inspectors made immediately after the election. One poll clerk made a memorandum at the time of the reading of the machine counters by the inspector. From this the tally sheets were made, one by each poll clerk. These were taken by the inspectors as the basis of their certificate, and the vote 133 for the relator was by all of them certified as the vote recorded by the machine. It is true the tally sheets were not by them compared with the machine counters, but, if this vote did not accord with the then recollection of the inspectors, it would be reasonable to suppose that some one of them would have suggested a comparison with the machine counters. The jury might or might not have found that the tally sheets were right. They should have been permitted to pass upon the question.

The judgment appealed from should be reversed, without costs to either party, and a new trial granted.

PARKER, P. J., concurs. CHASE, J., concurs in result. CHESTER, J., concurs specially. SMITH, J., dissents.

CHESTER, J. While if this case had been submitted to the jury, and they had by their verdict decided that Mr. Miller received 133 votes instead of 140 in the election district in question, I think it would clearly have been the duty of the court to have set aside such verdict as against the greatest weight of evidence; yet, the evidence having presented an actual issue of fact, under the authority of McDonald v. Met. St. Ry. Co., 167 N. Y. 66, 60 N. E. 282, I think the court was required to submit the question to the jury in the first instance instead of directing a verdict, notwithstanding the verdict which was directed was the only one which could be sustained under the evidence; and for that reason I agree with Mr. Justice KELLOGG that the judgment must be reversed, without costs, and a new trial granted.