(83 App. Div. 172.)

BJERRUM v. SPRINGFIELD BREWERIES CO.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. TRIAL—QUESTIONS FOR JURY—CREDIBILITY OF EVIDENCE.
    Where expert testimony was introduced by plaintiff, such as, if believed by the jury, would have entitled him to substantial damages, it was error for the court to direct a verdict for nominal damages.

Appeal from Trial Term, Kings County.
Action by Ernst A. T. Bjerrum against the Springfield Breweries Company. From a judgment for defendant, and from an order denying a motion for new trial, plaintiff appeals. Reversed.
Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

J. Arthur Hilton (M. Casewell Heine, on the brief), for appellant.
James W. Gerard (John M. Bowers, on the brief), for respondent.

HOOKER, J.　The defendant bought certain premises, and agreed with the plaintiff to erect a hotel thereupon, according to certain plans, and to rent the same to him for a period of five years at the sum of $2,000 per year.　Plaintiff, on his part, in consideration of defendant's promises, agreed to occupy the said premises, and pay the amount of rent set forth in the contract.　The defendant, however, refused to carry out the terms of its contract, and did not erect the buildings, whereupon plaintiff sued the defendant for damages, claiming to be entitled to the difference between the rent reserved under the agreement and the rental value of the property had the hotel been erected.　Plaintiff called several expert witnesses in an effort to show that the value of the lease was greater than the rent reserved. Two of these witnesses (Texter and Reitz), after examination, were held by the court to be qualified as experts, and this decision of the trial court was correct.　Texter testified that the rental value would be $6,500 a year.　He was clearly qualified as an expert, and the hypothetical question put to him was, after being finally altered to meet defendant's objections, a fair one.　This witness was not cross-examined by defendant's counsel.　To the witness Reitz, who was clearly competent as an expert, the hypothetical question was also put, and no objection made thereto.　He testified that the rental value was between $5,500 and $6,000 a year.　At the close of the examination of the latter witness the defendant moved to strike out the evidence, and the court said: "There is no use calling more witnesses like these.　I do not believe them."　At the close of plaintiff's case the court directed a verdict for six cents in plaintiff's favor, to which direction plaintiff excepted.

The judgment must be reversed for the error of the court in directing a verdict for nominal damages.　If the experts whose evidence was properly received had been believed by the jury, the plaintiff would have been entitled to substantial damages.　Their credibility was for the jury, and not for the court, to pass upon.　McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 60 N. E. 282; Williams v. D. L. & W. R. R. Co., 155 N. Y. 158, 49 N. E. 672.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event.　All concur.