GRUBE v. HAMBURG-AMERICAN PACKET CO.

(Supreme Court, Appellate Division, First Department.   May 22, 1903.)

1. VESSEL—COLLISION—LOCATION—HIGH SEAS—QUESTION FOR JURY.
   Where, in an action for death occurring by reason of a collision between a steamship and a pilot boat, the evidence was conflicting as to whether the collision occurred within or outside of the three-mile limit, it was not error to submit such question to the jury.

Appeal from Trial Term, New York County.

Action by Minnie Grube, as administratrix, etc., against the Hamburg-American Packet Company.   From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Everett P. Wheeler, for appellant.
Gilbert D. Lamb, for respondent.

PER CURIAM.   After a careful examination of this record, we are of the opinion that the principal question presented upon this appeal is substantially the same as the one presented in Lennan v. Hamburg-American S. S. Co., 73 App. Div. 357, 77 N. Y. Supp. 60, and is controlled by that decision.   We there held that it was a question for the jury to determine whether the collision between the Alene and the James Gordon Bennett occurred within the three-mile limit.   It is true, upon the trial of this action, additional testimony was offered on the part of the defendant tending to show that the collision actually took place outside the three-mile limit, but, taken in connection with the other testimony, it was not of such a character as would enable the court to say, as a matter of law, that the collision did there take place, nor can such force be accorded to it as would justify this court in setting aside the verdict of the jury as against the weight of evidence.   At the close of the trial there was conflicting evidence as to just where the collision did occur, and, this being the situation, it was for the jury to pass upon that question. McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 60 N. E. 282.

We have examined the other errors alleged, but do not think the defendant was prejudiced by them.

The judgment and order appealed from, therefore, must be affirmed, with costs.