THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE W. MILLER, Respondent, v. JAMES DICK and Others, as Board of Inspectors of the First Election District of the Second Ward of the City of Ithaca, and Others, Defendants.

JAMES DICK and Others, Individually, Appellants.

*Question as to the number of votes indicated by a voting machine, when one for the jury.*

Upon the trial, in a mandamus proceeding, of an issue of fact as to whether a voting machine in an election district of the city of Ithaca did, at the election held in November, 1902, register the relator's vote for the office of mayor as 140 or as 133, it appeared that the chairman of the board of inspectors read the machine registry, and that at the time of this reading one of the poll clerks made a memorandum of the vote; that from this memorandum each poll clerk made the tally sheets; that these tally sheets were taken by the inspectors as the basis of their certificate, and that both the tally sheets and the certificate of the inspectors stated the relator's vote as 133.

One of the persons present at the time of the reading of the register swore that he saw the number 140 upon the machine. Three other persons present at that time claimed to have heard the chairman of the board of inspectors call the number 140. None of these witnesses were able to state the vote called by the chairman for any other office, nor did they give any reason for their inability to do so. The election took place over two months before the trial of the issue of fact.

*Held,* that it was error for the court to direct a verdict that the relator received 140 votes, and that the trial justice should have permitted the jury to pass upon the question.

SMITH, J., dissented.

APPEAL by James Dick and others, individually, from a judgment of the Supreme Court in favor of the relator, entered in the office of the clerk of the county of Tompkins on the 10th day of February, 1903, upon the decision of the court, rendered after a trial at the Broome Special Term, pursuant to the verdict of a jury rendered by direction of the court after a trial of the issues of fact at the Tompkins Trial Term, directing that a peremptory writ of mandamus issue to the defendants in the above-entitled action, directing them to convene and correct certain tally sheets, showing the number of votes cast for mayor and other officers in said election district on the 4th day of November, 1902, and also from an order entered in said clerk's office on the 27th day of January, 1903, denying the defendants' motion for a new trial made upon the minutes, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 10th day of February, 1903, vacating and setting aside a stay of proceedings theretofore granted herein.

An alternative writ of mandamus was issued and an issue of fact was joined which was directed to be tried by a jury. The issue to be so tried was whether the voting machine in this election district did at the election in November, 1902, register for the relator for the office of mayor of the city of Ithaca 140 votes or only 133 votes. The tally sheets and the certificate of the inspectors of election, duly returned and filed, reported the votes for the relator to have been 133. The general canvass of the city council, based upon these figures in this election district, declared a tie vote for the office of mayor, and, hence, no election.

*William Nelson Noble*, for the appellants.

*Randolph Horton* and *William Hazlitt Smith*, for the respondent.

KELLOGG, J.:

The principal error complained of by appellants, and the only one of a serious nature, was the direction of a verdict by the trial court in favor of the relator, and so disposing of the case as a question of law on the evidence. I think this was clearly error. The tally sheets and the certificate of inspectors made a *prima facie*

case that the machine registered 133 votes for the relator. The tally sheets and inspectors' certificate were regularly made and could not be as a matter of law declared void and ineffectual upon the testimony of witnesses who claim to remember to have heard the chairman call the number at 140. Of the many people present at the reading of the machine registry by the chairman, one claims to have seen the number 140 upon the registry; three others claim to have heard 140 called by the chairman. None of the witnesses were able to state the vote as called by the chairman for any other office, though the vote for State, county and city offices were called in their order. No reason is given why the vote for mayor should have been remembered rather than the vote for other officers. None of the witnesses are shown to have any more interest in the vote for mayor than for any other candidate. The election was held November fourth. The trial began January fifteenth. The jury under such circumstances were not bound to accept the recollection of these witnesses as conclusive against the tally sheets and the certificate of the inspectors made immediately after the election. One poll clerk made a memorandum at the time of the reading of the machine counters by the inspector; from this the tally sheets were made, one by each poll clerk. These were taken by the inspectors as the basis of their certificate, and the vote 133 for the relator was by all of them certified as the vote recorded by the machine. It is true the tally sheets were not by them compared with the machine counters, but if this vote did not accord with the then recollection of the inspectors it would be reasonable to suppose that some one of them would have suggested a comparison with the machine counters. The jury might or might not have found that the tally sheets were right. They should have been permitted to pass upon the question.

The judgment appealed from should be reversed, without costs to either party, and a new trial granted:

PARKER, P. J., concurred; CHASE, J., concurred in result; CHESTER, J., concurred in memorandum; SMITH, J., dissented.

CHESTER, J. (concurring):

While, if this case had been submitted to the jury and they had by their verdict decided that Mr. Miller received 133 votes instead

of 140 in the election district in question, I think it would clearly have been the duty of the court to have set aside such verdict as against the greatest weight of evidence, yet the evidence having presented an actual issue of fact, under the authority of *McDonald* v. *Met. St. Ry. Co.* (167 N. Y. 66) I think the court was required to submit the question to the jury in the first instance instead of directing a verdict, notwithstanding that the verdict which was directed was the only one which could be sustained under the evidence, and for that reason I agree with Mr. Justice KELLOGG that the judgment must be reversed, without costs, and a new trial granted.

Judgment and order reversed and new trial granted, without costs.