conditions, and, where a new implied lease arises under the circumstances disclosed in this case, it oftentimes becomes most important, as it is here, to determine whether the new letting is by the year or by the month. To determine that question reference has generally been made to the specification of the rent as contemplated by the void agreement. Where that agreement provided for a yearly rental, although to be paid in monthly installments, it has been inferred that the new agreement was for a yearly tenancy, especially when the tenant has held for one year and part of another. Laughran v. Smith, 75 N. Y. 205; Coudert v. Cohn, 118 N. Y. 309, 23 N. E. 298, 7 L. R. A. 69, 16 Am. St. Rep. 761. Where, on the other hand, the proposed void lease provided for a monthly rental, the inference has obtained that the new letting was by the month. Gilfoyle v. Cahill, 18 Misc. Rep. 68, 41 N. Y. Supp. 29; Lawrence v. Hasbrouck, 21 Misc. Rep. 39, 46 N. Y. Supp. 868.

The crucial question of fact, therefore, in this case, is, what was agreed to be inserted in the contemplated lease for five years as to the character of the rent? If the learned justice held that the agreement was for a yearly rental, as he must have held, his conclusion on this point is clearly against the evidence. Not only did the plaintiffs testify that the agreement was for a monthly rent, but both the defendant and his clerk testified that the agreement was to lease the store "at $135 a month." There is no evidence to the contrary, except that defendant, on being recalled, testified that the yearly rental of the store was $1,620. This was evidently a mere computation, and he did not say, nor did the attorney who drew the unexecuted lease testify, that the agreement was for a yearly rental. Assuming, then, as we must, that the oral agreement was for a lease with a monthly rental, the case stands on all fours with Gilfoyle v. Cahill, supra, and the judgment was erroneous. No importance is to be attached to the apparent disproportion between the amount of the deposit for security and the amount of the monthly rent, for it clearly appears that the deposit was made when a lease for five years was agreed upon and contemplated. Upon the case made the plaintiffs were entitled to leave the premises at the end of any month, and, having elected to do so, they are entitled to a return of their deposit.

Judgment reversed, and new trial granted, with costs to the appellants to abide the event. All concur.

---

(110 App. Div. 900)

## MAURER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

CARRIERS—INJURY TO PASSENGER ALIGHTING FROM STREET CAR—NEGLIGENCE—EVIDENCE.

Where plaintiff sued for an injury on the theory that the street car on which he was a passenger stopped for him to alight, and, while he was doing so, started, without giving him sufficient time, throwing him to the ground, a verdict for him is against the weight of evidence; he having no testimony but his own, the conductor's testimony that plaintiff attempted to alight while the car was moving being corroborated by two passengers, and plaintiff admitting that he told defendant's claim agent that

the car "did not stop, and as it was turning slowly and kind of stopped I stepped off," though he explained that by "kind of stopped" he meant it stopped "for a minute or half a minute or 10 seconds enough to step off."

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1401.]

Appeal from Kings County Court.

Action by Louis C. Maurer against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and RICH, JJ.

I. R. Oeland, for appellant.

Frank F. Davis, for respondent.

JENKS, J. I advise a reversal of this judgment and of the order, because the verdict is against the weight or preponderance of evidence. McDonald v. St. Ry. Co., 167 N. Y. 66, 60 N. E. 282.

The plaintiff complains that, when a passenger on a car of the defendant's street surface railroad, he signaled to the conductor his wish to leave the car at a corner; that the car was stopped for him; and that when he had stepped down with one foot on the ground, and while the other was still on the car step, the car was started forward suddenly and violently, so that he was thrown to the ground and injured. Plaintiff testifies that he rode on the car as far as Classon avenue. The car turned at a switch at that place, and the plaintiff prepared to leave the car there, inasmuch as he wished to journey up Flushing avenue. He testifies that the car did not stop before turning into Classon avenue, but afterwards. He called no witnesses to sustain his version, though the defendant admitted that the plaintiff had attempted to find a woman passenger as a witness. The conductor testifies that he stopped the car that the motorman might turn the switch, that he then gave the signal to the motorman to go on, and that they were rounding the curve when the plaintiff, without any warning, rushed out to the platform, and while the car was in motion attempted to alight. The conductor's testimony that the passenger attempted to alight while the car was moving is corroborated by the testimony of two passengers on the car.

I am not moved to advise a new trial in this case for the sole reason of the absolute contradiction between the plaintiff on the one hand and the conductor and the two passengers on the other. Hulst, the assistant claim agent for the defendant, testifies that the plaintiff subscribed and swore to a written statement immediately after the accident, which was read in evidence. The statement in part is:

"The car went up Flushing avenue to Classon, and turned into Classon. I supposed the car would stop when it turned, and I was on the step with my heavy grip, weighing about 35 or 40 pounds, and the car went around the curve fast, and didn't stop at all; and, as the car was on the turn, I jumped off, and the heel of my shoe caught and I was thrown. The car went about 50 feet before it came to a stop. I was thrown on my knee on the street. I have been to see Dr. Fane, of 1080 Halsey street, who gave me something to rub on my knee. The conductor was standing on the rear platform with his hand on the bell the time I got off. The car was going at the time, and the conductor ought to have stopped the car to let me off, so I should not

be compelled to jump off the car while it was moving. Mrs. Short, of 203 North Sixth street, and E. J. Kelleher, of 53 Skillman street, are my witnesses."

Here, then, is a sworn statement by the plaintiff in absolute contradiction of the plaintiff as to his theory of his action and his theory of the accident on the witness stand. For he once stated, under oath, that the car did not stop, although the conductor should have stopped it, and that he jumped off while the car was in motion, and his heel caught; and he sues on the theory that the car stopped, but he was 'not afforded a reasonable time in which to leave the car. On rebuttal he sought to explain the written statement. But he testified that he told the agent that he went out on the platform, and told the conductor to stop before he would turn, "but he didn't stop, and he turned around the curve, and as he turned slowly and kind of stopped I stepped off. This is what I told this man that came to my office. I told him in that interview I thought my heel must have caught, which I didn't know on account of the jerk around," etc. Although he thereafter denies that he said that he was on the step and the car didn't stop, and he explains that he meant by "kind of stopped" that it stopped "for a minute or half a minute or 10 seconds, enough to step off," the fact remains, in spite of his subsequent refinements and qualifications, that he admitted on this trial that he had said to the agent that the car "did not stop, and as it was turning slowly and kind of stopped I stepped off." In view of the unsatisfactory and self-contradicting testimony of the plaintiff, unsupported by any other evidence, and also of the testimony directly contradictory, I think that the plaintiff has not supported his cause of action by sufficient proof.

I therefore advise that the judgment and order be reversed, and that a new trial be ordered.

Judgment and order of County Court of Kings county reversed, and new trial ordered; costs to abide the event. All concur.