LAWRENCE v. METROPOLITAN ST. RY. CO. ˙

(Supreme Court, Appellate Division, First Department.  June 15, 1906.)

1. EVIDENCE—CREDIBILITY OF WITNESSES—INTEREST.
   The jury is not bound to give more weight to the testimony of disinterested than of interested witnesses.

   [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 2437–2439.]

2. STREET RAILROADS—PERSONAL INJURIES—GROUNDS OF LIABILITY—INSTRUCTIONS.
   Where, in an action against a street railroad company for injuries, there was no claim or evidence that plaintiff was injured except by being struck by the car, but there was conflict as to whether the car was stopped as soon as possible after plaintiff was thrown on the fender, defendant was entitled to an instruction that, even if defendant was negligent in failing to stop as soon as possible after plaintiff was thrown on the fender, it was not liable because plaintiff was thus carried.

Appeal from Trial Term, New York County.

Action by Joseph Lawrence, by his guardian ad litem, against the Metropolitan Street Railway Company.  From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals.  Reversed and remanded.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Charles F. Browne, for appellant.
Anthony J. Griffin, for respondent.

McLAUGHLIN, J.  Between 10 and 11 o'clock in the morning of the 15th of March, 1902, the plaintiff, then between 5 and 6 years of age, while attempting to cross Houston street was struck by and thrown into the fender on one of the defendant's cars and injured.  This action was brought to recover damages, upon the ground that such injuries were caused by defendant's negligence.  He had a verdict for $3,000, upon which judgment was entered, and defendant appeals.

The testimony of the plaintiff and his witnesses tended to establish that he attempted to cross Houston street from west to east in the middle of the block between King and West Houston streets, or at the corner of such streets; that before he started to cross he saw a southbound car, and waited until that passed, and then he immediately attempted to cross the street, and while in the act of doing so was struck by the fender on a north-bound car, and thrown into it; that that car did not come to a stop until it reached the corner of Houston street; and that then he was taken out of the fender.

The testimony on the part of defendant's witnesses was to the effect that the plaintiff attempted to cross the street in the middle of the block between King and Houston streets; that he passed behind a car going south, and was struck by the fender just before he stepped on the first rail of the north-bound track; that he lay in the fender until the car was stopped, which was within a very few feet.  The motorman of the car testified that the accident occurred between 10 and 11 o'clock in the morning; that the speed of the car was something like three miles an

hour, or less; that the first he saw of the plaintiff was when he was alongside of the fender; that he saw him fall into the fender, and he immediately "reversed his car," and took the boy out of the fender.

The evidence was quite slight as to plaintiff's injuries. His ankle was cut and bruised, but no bones appear to have been broken.

The judgment is attacked principally upon the ground that the verdict did not justify a finding that the defendant was negligent, or that the plaintiff or his parents were free from negligence, and also upon the ground that the court erred in instructing and refusing to instruct the jury.

Having reached the conclusion that the judgment must be reversed, and a new trial ordered for errors in the charge, it is unnecessary to pass upon the other questions. Were it not for this fact, they would require very serious consideration. The learned trial justice, at the request of plaintiff's counsel, charged the jury as follows:

"Where the defendant's testimony is contradicted by disinterested witnesses, greater weight should be given to the testimony of the disinterested witnesses than to that of interested witnesses."

This was excepted to, and the exception was well taken. The credibility of witnesses, whether interested or disinterested, and what effect shall be given to their testimony, is always a question for the jury, and not for the court. The jury may, if it sees fit, give greater weight to the testimony of an interested witness than to that of a disinterested one, and its action in this respect cannot be controlled by the court. The credibility of witnesses, the effect of conflicting and contradictory testimony, are always questions of fact, and as such to be passed upon by the jury, and not questions of law to be passed upon by the court. McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 60 N. E. 282; Walters v. Syracuse Rapid Transit R. R. Co., 178 N. Y. 50, 70 N. E. 98. The trouble with the instruction here given was that the jury was told, as a matter of law, that it should give more effect to the testimony of witnesses who were not interested than to those who were; in other words, that the testimony of the motorman and conductor was not as reliable as to the way the accident occurred and what immediately followed as the testimony of the witnesses Frahm, Shanahan, and Quinn, who were apparently disinterested.

Error was also committed in the court's refusing to charge, at the request of defendant's counsel, the following:

"Even if the jury believe the motorman did not stop the car as soon as he should have after striking the infant plaintiff, and that the defendant was negligent in carrying the infant plaintiff for some distance in the fender, nevertheless the plaintiff is not entitled to a recovery by reason of thus being carried in the fender."

There was a sharp conflict between the witnesses for the respective parties as to how far the plaintiff was carried in the fender of the car after he was struck by it. There was no evidence that he was injured by being thus carried. The only evidence bearing upon the subject of his injury was that it occurred when he was struck by the fender. Indeed, no claim is made, in the complaint or otherwise, that he was injured in any other way. If, therefore, the defendant's motorman did

not stop the car as soon as he should have after the plaintiff was in the fender, this did not entitle plaintiff to recover, because that act had done him no injury.   The instruction, therefore, should have been given.

The judgment and order appealed from must be reversed, and a new trial ordered, with costs to appellant to abide event.   All concur.