### SEAGER v. SOLVAY PROCESS CO.

(Supreme Court, Appellate Division, Fourth Department. January 6, 1909.)

1. MASTER AND SERVANT (§ 286*) — INJURIES TO SERVANT — NEGLIGENCE — QUESTION FOR JURY.

In an action for wrongful death of a servant through an explosion of gas in a manhole, the question of defendant's negligence in using defective gas pipes *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 286.*]

2. MASTER AND SERVANT (§ 284*)—NONSUIT—EVIDENCE.

In an action for death of a servant through the explosion of gas in a manhole, where plaintiff made a prima facie case, which was wholly uncontradicted, it was error to direct a nonsuit.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 284.*]

McLennan, P. J., dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Onondaga County.

Action by Rose Seager, as administratrix, against the Solvay Process Company. From a judgment on a nonsuit, plaintiff appeals. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Frank C. Sargent, for appellant.

King, Waters & Page, for respondent.

WILLIAMS, J. The judgment should be reversed, and a new trial granted, with costs to the appellant to abide event. The action was brought to recover damages resulting from the death of Barry Seager, alleged to have been caused by the negligence of the defendant. The only questions here involved are: First, whether there was evidence for the jury upon the question of whether defendant's negligence caused the injuries; and, second, whether there was evidence for the jury upon the question whether death resulted from such injuries. The action was tried as one at common law. The jury would certainly have been justified in finding the deceased free from contributory negligence and that there was no assumption of risk. If death resulted as claimed, the plaintiff was entitled to recover some damages. The defendant gave no evidence.

First. There was some explosion at the defendant's plant in the early morning of December 30, 1905, and by this explosion the deceased was very seriously injured. The plaintiff claims that explosion was caused by the accumulation of a large quantity of gas in a manhole, and that the gas escaped from a defective gas pipe, which extended along inside of the manhole. The deceased was an assistant to the chief of the fire, accident, and patrol service in the defendant's plant. He was on duty during the night before, and was instructed by his superior to go into the manhole in question and turn on some water before 7 o'clock in the morning. The explosion occurred soon after 6 o'clock. The cover of the manhole was found, just after the explosion, removed from its place and lying near by, and deceased also lay a short distance from the opening of the manhole. There was evidence tending to show such a defective condition of the gas pipes in the manhole as to permit the escape of gas therefrom into the manhole, and there was evidence tending to show that an explosion would occur when the cover to the manhole was raised, so as to admit the air, if there was a large accumulation of gas below. The jury from this evidence might well find that the explosion was the result of an accumulation of gas in the manhole which had escaped from defective pipes therein; the cover of the manhole having been raised, and the air and gas having come in contact. It was claimed that the defendant was negligent in retaining and using gas pipes which were known to be defective, or which, by the exercise of reasonable care and inspection would have been discovered to be defective and unsafe. Upon this evidence we think a prima facie case was made, entitling the plaintiff to take the verdict of the jury upon the question of the defendant's negligence having caused the deceased's injuries. We do

not think it well to discuss the evidence in detail, inasmuch as there is to be a new trial.

Second. As to the cause of death. The deceased died six months after he was injured, of acute uræmia, or uræmic poisoning, resulting from an abnormal circulation of urea through the system. The plaintiff claimed that this disease or condition was caused by the shock and injury to the kidneys and bladder at the time of the explosion. Evidence was given by physicians and laymen as to his condition of health before and up to the time of the accident, and his condition during the six months between the accident and his death. Expert evidence was also given by physicians bearing upon the cause of the disease and death. We do not care to discuss this evidence in detail here. We think all this evidence raised a question of fact, which the plaintiff was entitled to have submitted to the jury, and that they might well have found from such showing, uncontradicted, that the death was the result of the injuries received at the time of the explosion. Under the strict rules now in force as to the submission of questions of fact to juries, great care should be exercised by trial courts in taking cases from juries, especially when only one side has been heard, and the full facts may not have been developed. The court can act much more safely at the close of the whole evidence, than at the close of the plaintiff's case, in granting of nonsuits. If the case is a close one, and the verdict, when rendered, seems to be contrary to and against the weight of the evidence, the court can readily set it aside and order a new trial; and, if the case goes on appeal to the Appellate Division, that court will have all the evidence and full facts before it bearing upon the question whether a nonsuit was proper or not.

We think this case should not have been taken from the jury at the close of the plaintiff's evidence, that a prima facie case had been made, and, being wholly uncontradicted, the evidence required a submission of the case to the jury under the rules in the famous McDonald Case, 167 N. Y. 66, 60 N. E. 282.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur, except McLENNAN, P. J., who dissents.