## GROSS v. FOSTER.

(Supreme Court, Appellate Division, Second Department.　October 12, 1909.)

1. APPEAL AND ERROR (§ 927*)—REVIEW—EVIDENCE.
    On appeal from a judgment dismissing a complaint, plaintiff is entitled to the most favorable inference that can be drawn from the evidence.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3748; Dec. Dig. § 927.*]

2. MUNICIPAL CORPORATIONS (§ 705*)—STREETS—INJURIES TO TRAVELERS—CHILDREN—AUTOMOBILE ACCIDENT—NEGLIGENCE.
    Where defendant's automobile approached a crossing without giving any warning, and was going fast when it struck and injured plaintiff, a child nine years of age, defendant was negligent.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1515; Dec. Dig. § 705;* Highways, Cent. Dig. § 463.]

3. MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREET—CHILDREN—CARE REQUIRED.
    Where a child nine years old, injured by defendant's automobile at a street crossing, was not permitted to testify at the trial because he did not possess sufficient intelligence to comprehend the nature of an oath, he was not bound to exercise the same degree of care as a mature person, and whether he exercised the care that a person of his years and intelligence was expected to exercise was for the jury.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706;* Highways, Cent. Dig. § 473.]

Appeal from Trial Term, Queens County.

Action by Harry Gross, an infant, by Isidor Gross, his guardian, against Clair Foster. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and GAYNOR, RICH, and MILLER, JJ.

Frederick E. Fishel, for appellant.
Henry Escher, Jr., for respondent.

RICH, J. The plaintiff, a child nine years of age, was run down and seriously injured by the defendant's automobile at the intersection of Seventh avenue and Thirtieth street, borough of Manhattan, New York City; and this action is brought to recover the damages.

At the close of the plaintiff's case the complaint was dismissed, on the ground of failure to show negligence on the part of the defendant

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or freedom from contributory negligence on the part of the plaintiff. Judgment has been entered dismissing the complaint on the merits.

Applying the rule that the plaintiff is entitled to the most favorable inference that can be drawn from the evidence, the jury might have found that the automobile approached the crossing without giving any warning, that it was going fast when it hit the plaintiff, -and that the defendant was negligent.

The plaintiff was not permitted to testify because, at the time of the trial, a year after the accident, he did not possess sufficient intelligence to comprehend the nature of an oath. Under these circumstances, he could not be held to the same degree of care that should be exacted of a mature person, and it was for the jury to say whether he exercised the degree of care with which a person of his years and intelligence is chargeable. In any event, it was error to dismiss the complaint upon the merits. McDonald v. Metropolitan St. R. Co., 167 N. Y. 66, 60 N. E. 282.✗

The judgment must be reversed, and a new trial granted, costs to abide the event. All concur.