## CARLSON v. CITY OF DUNKIRK.

(Supreme Court, Appellate Division, Fourth Department. May 4, 1910.)

1. MUNICIPAL CORPORATIONS (§ 791*)—DEFECT IN SIDEWALK—VIGILANCE TO ASCERTAIN—CONSTRUCTIVE NOTICE.

A municipality has the duty of active vigilance to ascertain the condition of its walks, and, when a defect exists so long that in proper reasonable exercise of such vigilance the defect would be discovered, constructive notice of it exists.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1647–1651; Dec. Dig. § 791.*]

2. MUNICIPAL CORPORATIONS (§ 821*)—DEFECTIVE SIDEWALK—ACTION FOR INJURY—NONSUIT.

If, in an action for injury on account of a defect in a walk, there is any evidence of constructive notice of the defect, the court cannot nonsuit, though it may set aside a verdict for plaintiff, if contrary to or against the weight of evidence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1750; Dec. Dig. § 821.*]

3. MUNICIPAL CORPORATIONS (§ 819*)—DEFECT IN SIDEWALK—ACTION FOR INJURY—EVIDENCE OF CONSTRUCTIVE NOTICE—NONSUIT.

In an action for injury from a defective walk, evidence held to authorize a finding of constructive notice of the defect.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1741; Dec. Dig. § 819.*]

Appeal from Trial Term, Chautauqua County.

Action by Emil Carlson against the City of Dunkirk. Plaintiff was nonsuited, and he appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, ROBSON, and KRUSE, JJ.

Thomas H. Larkin, for appellant.
Nelson J. Palmer, for respondent.

WILLIAMS, J. The judgment should be reversed, and a new trial granted, with costs to the appellant to abide event.

The action is for negligence. Two persons in the daytime were walking along a sidewalk. One stepped upon a plank. It flew up, and the other person, the plaintiff, caught his foot thereon, and was thrown down and injured.

The only question involved in this appeal is whether there is in the record sufficient evidence to make the alleged negligence of the de-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant a question of fact for the jury. The walk was shown to be defective. The defendant was not proven to have had actual notice of its condition, but plaintiff claims it had constructive notice. The court held there was no evidence of constructive notice and granted the nonsuit on this ground alone, stopping the plaintiff from the giving of evidence on other questions. The evidence relied upon by plaintiff was as follows:

Plaintiff testified:

"I was walking. My partner walked inside of me, and he stepped on the plank, and that short piece went up, and I got my foot down in the hole and I went down. I examined the piece that was loose and caused this accident. Its condition was rotten. I did notice the parts of the loose piece where they came in contact with the others, where they came in contact with the other pieces. I did notice their condition. * * * This piece was that long (indicating), where it went out of the walk, where that man stepped on, and I got my foot down in there, and I got tangled up there and fell on my shoulder. Mr. Hill stepped on it. * * * Afterwards I removed this piece of lumber from the sidewalk. I did examine it. I looked at it and it was rotten. * * * That fracture was about 18 inches long, * * * about 8 inches wide."

Hill testified:

"I was with plaintiff. * * * I remember the accident. * * * I was walking on the outside of the walk, and he about the center, and when I stepped on the plank it tipped up and tripped him up, and he fell down. * * * When I said that I stepped on the outside of the plank, I mean the piece of the plank, the piece that was broken off from the plank that was in the sidewalk. It looked there as if it was all whole. * * * I supposed it was all right. I stepped on it. It tipped up, and the plaintiff went in. I noticed the piece that sprung up. That he stumbled over. It had been there for some time. It was weather-beaten. * * * The piece was kind of crossgrained. It had been split in two. * * * It was somewhere about two feet long, eight inches wide, and two inches thick. It was crossgrained, had been split, and they (the pieces) lay right together."

This witness was asked whether this was an old or a fresh break, how long it had been broken, etc., but the court on objection by defendant refused to allow him to answer.

Martin testified:

(Plaintiff asked witness to go with him.)

"We went down and seen the place where he said he fell down. Yes, I seen the place where he fell down. He took the piece up there. He took the piece up, that was loose in the sidewalk, and took it with him home. I saw it. It was a rotten piece out of the sidewalk, that is all, a plank what was loose there, you know. It was split crosswise. The piece of plank where he took this out. The other one was rotten too, pretty near. This piece out of the plank was * * * 18 inches, something like that, and about 8 inches wide. One end was smaller than the other end. In other words, it ran to a point, and the point was in the center of the walk. The broad end, the eight-inch piece, was the piece that rested on the sill. The point was in the inside of the sidewalk. The point was in the middle of the sidewalk."

The court did not permit any cross-examination of these witnesses.

The rules of law relating to constructive notice of the defective condition of sidewalks are well understood. The municipality had the duty of active vigilance to ascertain the condition of its walks, and, when a defective condition has existed for such a length of time that in the proper, reasonable exercise of such vigilance the defect would

be discovered, then constructive notice exists. And within the rule laid down in the McDonald Case, if there is any evidence of such notice to submit to a jury, the court cannot nonsuit, although it may set aside the verdict after it is rendered, if it is contrary to or against the weight of the evidence.

In this case, the evidence warrants the finding that the walk was defective, that it had a crossgrained broken plank, and it had laid in the walk for some time, and until it was rotten. It seems to me that there was at least some evidence that the defective condition had existed for a length of time, authorizing the finding of constructive notice thereof to the defendant.

I do not think the court was justified in granting a nonsuit upon this ground. It is within the knowledge of all of us that too many defective sidewalks with rotten and broken planks are allowed to remain in municipalities, to endanger the limbs of persons walking over them. The municipalities should be held to strict accountability for accidents occurring by reason thereof.

Judgment reversed, and new trial ordered; with costs to appellant to abide event. All concur.