### HORGAN v. INTERBOROUGH RAPID TRANSIT CO. et al.

(Supreme Court, Appellate Term.   March 8, 1912.)

MASTER AND SERVANT (§ 288*)—RAILROADS—INJURY TO WORKMAN—ASSUMPTION OF RISK—JURY QUESTION.

    In an action for injury to a railroad employé, struck by a car while working near a track, whether he assumed the risk *held*, under the evidence, a jury question.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1088; Dec. Dig. § 288.*]

Appeal from City Court of New York, Trial Term.

Action by William Horgan against the Interborough Rapid Transit Company and another.  Judgment dismissing the complaint, and plaintiff appeals.  Reversed, and new trial ordered.

Argued February term, 1912, before SEABURY, GUY, and BI-JUR, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Francis X. McCollum (Raphael Link, of counsel), for appellant.
James L. Quackenbush, for respondent Interborough Rapid Transit Co.
Lyman A. Spalding, for respondent Rapid Transit Construction Co.

SEABURY, J.  This action was brought to recover damages for an injury alleged to have been caused by the negligence of the defendants.  The plaintiff was an employé of the Rapid Transit Subway Construction Company.  At the time of the accident the plaintiff was "plumbing" the last column of the platform at 110th street.  The base of this column was about four feet away from the rail of the north-bound track.  The accident happened at about 10 o'clock in the morning.  At 9 o'clock the plaintiff had reported to his foreman that there was no watchman or signalman at the place where he was working and that one was needed.  The foreman replied that "he would attend to it."  The plaintiff returned to his work at the base of the column, and, while he was leaning over measuring the column, he was struck by one of the cars of the defendant Interborough Rapid Transit Company.  At the close of the plaintiff's case, the court dismissed the complaint against both of the defendants.

In so far as the defendant Interborough Rapid Transit Company was concerned, there was no evidence of negligence upon its part, and the complaint was properly dismissed.  A different situation exists as to the Rapid Transit Subway Construction Company.  In view of the fact that the foreman, who was in the employ of this defendant, promised the plaintiff to send a watchman to guard the place where he was working, a question of fact was presented, which should have been left to the jury for their determination.  McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 60 N. E. 282.  The plaintiff cannot be said, as a matter of law, to have assumed the risk by remaining at his work, in view of the promise of the foreman to send a watchman.  Whether or not the plaintiff assumed the risk as a matter of fact was for the jury.  Rice v. Eureka Paper Co., 174 N. Y. 385, 66 N. E. 979, 62 L. R. A. 611, 95 Am. St. Rep. 585.

As to the Interborough Rapid Transit Company, the judgment is affirmed, with costs.  As to the Rapid Transit Subway Construction Company, the judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event.  All concur.