THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL ELLEN, Appellant.— Appeal from a judgment of conviction of the alleged crime of violating section 20, subdivision 4, of the Vehicle and Traffic Law (unlicensed operator not to operate a motor vehicle) rendered by a city magistrate sitting as a Court of Special Sessions of the City of New York, Borough of Brooklyn. On the recommendation of the district attorney, judgment of conviction reversed, complaint dismissed and fine remitted. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALLACE & COMPANY, Appellant.— Defendant appeals from a judgment of conviction of violating section 163 of the Sanitary Code of the City of New York (keeping and offering for sale canned grapes not safe for human food), rendered by a city magistrate, sitting as a Court of Special Sessions of the City of New York [Municipal Term], Borough of Brooklyn. Judgment unanimously affirmed. No opinion. Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ.

JAMES F. ROACH, Appellant, v. CLIFTON SPRAGUE, JOHN SPRAGUE and AUGUSTUS SPRAGUE, Respondents.— In an action to recover damages for assault, malicious prosecution, false imprisonment, etc., order, made on reargument, denying plaintiff's motion for permission to serve a further amended complaint, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

HENRY SHAPIRO, an Infant, by SYLVIA SHAPIRO, His Guardian ad Litem, and SYLVIA SHAPIRO, Appellants, v. FRIEDA LAHNE, Defendant; MORTGAGE COMMISSION OF THE STATE OF NEW YORK, Respondent.— Action by the infant plaintiff to recover damages for personal injuries sustained on premises controlled by respondent, and by his mother, a tenant, to recover for medical expenses and loss of services. Judgment reversed on the law and a new trial granted, with costs to the appellants to abide the event. There was a question of fact for the jury and the direction of a verdict for the defendant-respondent at the close of the evidence was error. (McDonald v. Metropolitan Street R. Co., 167 N. Y. 66; Lee v. City Brewing Corporation, 279 id. 380.) The jury could have found that the respondent owed to the plaintiffs the duty to keep the workroom in a reasonably safe condition. Hagarty, Carswell, Adel and Close, JJ., concur; Lazansky, P. J., concurs in result.