Action by plaintiff wife to recover damages for personal injuries sustained as the result of the alleged negligent operation of a motor vehicle, and by her husband for loss of consortium. Upon disagreement of the jury, the court granted a motion of defendants for a directed verdict upon which it had theretofore reserved decision. Judgment for defendants reversed on the law and a new trial granted, with costs to abide the event. It cannot be said that the proof adduced on behalf of plaintiffs, if accredited in its entirety, was insufficient to spell out actionable negligence. An issue of fact was presented depending upon credibility of witnesses and, therefore, there could be no direction of a verdict. (Gallery v. Lyons, 292 R Y. 15; Sadowski v. Long Island B. B. Co., 292 R Y. 448; Blum v. Fresh Grown Preserve Corp., 292 R Y. 241.) The lack of power to direct a verdict is to be distinguished from the power of the trial court to set aside a verdict as against the weight of the credible evidence and to grant a new trial. (Blum v. Fresh Grown Preserve Corp., supra, p. 245; McDonald v. Metropolitan St. By. Co., 167 N. Y. 66.) Hagarty, Acting P. J., Carswell, Johnston, Adel and Nolan, JJ., concur.