■ BERTHA GELMAN, Appellant, v. TRANS WORLD AIRLINES, INC., Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered March 29, 1972 in favor of defendant, upon the trial court's dismissal of the complaint at the close of the case at a jury trial of the issue of liability only. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. In our opinion, the evidence adduced at the trial of the issue of liability presented questions of fact with respect to defendant's alleged negligence and plaintiff's possible contributory negligence. Plaintiff was entitled to have those questions resolved by the jury and not the court (see *McDonald* v. *Metropolitan St. Ry. Co.,* 167 N. Y. 66, 70). Rabin, P. J., Munder, Latham, Shapiro and Christ, JJ., concur.

■ ROSALYN GOLD, Respondent, v. GERALD F. GOLD, Appellant.— In an action for a divorce, defendant appeals from so much of a judgment of the Supreme Court, Nassau County, entered March 23, 1972 after a nonjury trial, as dismissed his counterclaim to impress a trust on real property owned by the parties as tenants by the entirety. Judgment affirmed insofar as appealed from, with costs. We note that the only relief sought at Special Term which is relevant to this appeal was upon defendant's counterclaim to impress a trust on the real property owned by the parties as tenants by the entirety. Defendant sought that relief on the ground that he had supplied the consideration to purchase the property and never intended to have plaintiff obtain title. Accordingly, defendant may not on this appeal obtain a declaration as to his rights under a second deed which purports to transfer the interest of the parties to him alone. Whether or not he is entitled to a declaration that the second deed is valid between the parties was not raised in the pleadings or at the trial and thus we do not reach this issue. Martuscello, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.