should therefore be stricken out. The sixth item should be limited to merchandise other than that specified in the bill of particulars already served. The seventh item should be qualified by inserting the words "if any" after the words "stating in details the names and addresses of such patrons of the defendants," in order that the defendants may not be precluded from proving the items contained in their voluntary bill of particulars. The eighth item should be limited to merchandise not shipped to patrons, since that which was shipped is covered by the voluntary bill of particulars. It is not necessary to repeat the statement of the shipments which were returned by patrons, as these are covered by the voluntary bill, and their requirement should be stricken out of the eleventh item, and that item limited to merchandise returned, if any, not included in the bill of particulars already served. The amount of defendants' loss is immaterial, and the requirement respecting it should be stricken out of the eleventh item. The defendants should not be required to furnish the addresses of persons alleged to have been improperly or improvidently employed, and item 13 should be amended in this regard. Item 14 should be stricken out altogether. The answer does not allege any employment or salary that plaintiff might have secured. It only says that he was not diligent in searching for employment. There is no authority for precluding the defendants, in case of default in serving the bill of particulars, from giving evidence of their "defenses." The Code provision is that they may be precluded from giving evidence of the part or parts of the affirmative allegations of which particulars have not been delivered. Section 531, Code Civ. Proc.

The order appealed from should be modified in the respects herein pointed out, and, as modified, affirmed, without costs to either party. All concur.

---

(50 Misc. Rep. 625)

### ROBBINS v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. March 26, 1906.)

NEGLIGENCE—ACTION—QUESTION FOR JURY.

    Where there is any evidence from which defendant's negligence or plaintiff's freedom from contributory negligence can be inferred, the questions are for the jury.

    [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 279–353.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by David Robbins against the New York City Railway Company. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Watts & Merrill, for appellant.
William E. Weaver, for respondent.

PER CURIAM. Under the rule laid down in McDonald v. Met. St. Ry. Co., 167 N. Y. 66, 60 N. E. 282, if there be any evidence at all from which defendant's negligence or the plaintiff's freedom from contributory negligence can be inferred, the question becomes one of fact, and must in the first instance be submitted to the jury, leaving to the court, if it finds the verdict unsupported by the evidence, only the power to set aside the verdict and order another trial. There was some evidence in this case from which inferences as to the respective negligence of plaintiff and defendant might have been drawn in plaintiff's favor, and it was therefore error to have dismissed the complaint. Whether upon the evidence a verdict in favor of plaintiff would have been sustained is another question, with which we are not concerned on this appeal.

Judgment reversed and new trial granted, with costs to appellant to abide the event.