SCHOMBURG v. COLUMBIA FULLER'S EARTH CO.

(Supreme Court, Appellate Division, Second Department.   April 24, 1908.)

MASTER AND SERVANT—ACTION FOR SERVICES—CONTRACT—EVIDENCE—VERDICT.
    In an action for services, evidence *held* insufficient to sustain a verdict finding the existence of a contract to pay plaintiff a salary, in addition to living and traveling expenses of himself and wife.
    Hooker, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Frederick H. Schomburg against the Columbia Fuller's Earth Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Robert R. Reed, for appellant.
Martin S. Lynch, for respondent.

JENKS, J.   The plaintiff worked for the defendant, and has recovered a judgment for a salary of $50 a week for 32 weeks. His recovery rests upon an alleged contract made between him and Mr. De Long, president of the defendant. The alleged contract was oral, and is established by the testimony of the plaintiff alone. It is denied by Mr. De Long, disputed by Mr. Stout, an officer of the defendant, by Mr. De Long's clerk, and by his stenographer, and challenged by admissions of the plaintiff testified to by four witnesses apparently indifferent between the parties. The version of the defendant is that the plaintiff agreed upon the service in consideration of the payment of the expenses of himself and his wife during the time of performance. The plaintiff was at the time of entering service in the city of New York apparently in straitened circumstances, without profitable employment, and had been given desk room without charge in the office of Mr. De Long, who was his friend. The defendant was in its inceptive period, but a small concern not yet engaged in business, possessed of leasehold property in Florida, for which it paid $2,000 a year. Salaries were not paid to any of its officers. The plaintiff was chosen

a director, but was not interested in the corporation. It was determined to send some one to Florida with reference to the corporation's affairs. The plaintiff sought the service, received the commission, resigned his office, and went about the business. His wife accompanied him and remained with him. He was absent on this duty for seven months. He received about $3,000 from the defendant, of which he returned accounts for $2,500. When in Florida, he lived in a house furnished by the defendant, and seems to have spent some of the money freely. As I understand it, he contends that the balance on his account represents living expenses of himself and of his wife. He testifies that he paid for his own provisions, and yet, again, that he paid for his living expenses out of the money sent to him. After the seven months fault was found with him. He was discharged and returned to the North. He admits that upon his return he handed his account to the treasurer of the defendant, but said nothing about salary, and that he never demanded it save that when in the South he did demand "transportation and salary" from the president, without naming "any price," and was told to sue. This statement is contradicted by the president. It seems to me that the plaintiff was overcome by the credible witnesses, and that the surrounding facts and circumstances make against rather than for him.

I think, therefore, that we should be dissatisfied with the verdict, and that we should order a new trial. McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66–70, 60 N. E. 282.

Judgment and order reversed and new trial granted; costs to abide the event, on conditon that the defendant pay the costs of the trial to date. All concur, except HOOKER, J., who dissents.