(136 App. Div. 847.)

CLEMENT, State Excise Com'r, v. FINGERLIN et al.

(Supreme Court, Appellate Division, Second Department. March 31, 1910.)

INTOXICATING LIQUORS (§ 88*)—BONDS—RECOVERY OF PENALTY—QUESTIONS FOR JURY.

In an action on a liquor tax bond, in which the alleged breach was the sale by a hotel keeper of liquor on Sunday, whether defendant sold liquor to plaintiff's witness in a manner contrary to law *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 95; Dec. Dig. § 88.*]

Appeal from Trial Term, Queens County.

Action by Maynard N. Clement, State Excise Commissioner, against Peter J. Fingerlin and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and CARR, JJ.

William S. Gordon, for appellants.

Herbert H. Kellogg (Albert O. Briggs, on the brief), for respondent.

WOODWARD, J. This is the familiar form of action by the State Commissioner of Excise to recover the penalty of a liquor tax bond. At the close of the whole case the court directed a verdict in favor of the plaintiff, and the principal contention of the defendants is that this ruling was error; that sufficient evidence was introduced on the part of the defendants to take the case to the jury.

A liquor tax certificate was issued to the defendant Fingerlin, authorizing him to traffic in liquors at certain premises in Queens county for the excise year commencing May 1, 1907; and the defendant company became surety upon his bond, which was in the usual form as required by section 16 of the liquor tax law. The complaint alleges that the defendant Fingerlin violated the provisions of the liquor tax law (Consol. Laws, c. 34) by selling liquor on Sunday to persons who were not bona fide guests of his hotel, no meals having been ordered or served at the time such sales were made. The answers are that the defendant Fingerlin conducted a hotel, and that no liquors were sold on the days specified to others than bona fide guests, and with meals.

Three witnesses, special agents of the State Department of Excise, testified for the plaintiff that on Sunday, June 23, 1907, and again on the following Sunday, they ordered, paid for, and drank whisky on the

defendant Fingerlin's premises; that they did not on those occasions order, and were not served with, meals of any sort; and that they were not guests at the hotel. They testified that the whisky was served in a small decanter.

On behalf of the defendants it was shown that the room in which the sales were made was a small dining room with a kitchen adjoining, situated in the rear of the hotel barroom; that it was customary to serve meals there to persons ordering them; and that bills of fare were at all times on the table. The waiter who made the alleged illegal sales died before the trial, and the only testimony which contradicts that of the plaintiff's witnesses was that of the defendant Fingerlin and his wife. The wife testified in substance that she saw the plaintiff's witnesses enter and take seats at one of the tables; that the waiter handed them a bill of fare; that she did not hear what was said between them; that the waiter went to the bar, and returned with whisky in glasses and sandwiches, which he placed upon the table. To meet the testimony of the plaintiff's witnesses that the whisky was served in a small decanter, this witness testified that there were no small decanters on the premises at the time these sales were made. In this last statement she is corroborated by her husband.

We think the evidence of the defendants' witnesses that the whisky was served in glasses, and that there were no small decanters on the premises at the time, raised a question of fact that should have been submitted to the jury, and that the court erred in directing a verdict for the plaintiff. This evidence squarely contradicted that of the plaintiff's witnesses that the whisky was served in a small decanter, and might have so far affected their credibility in the minds of the jurors as to have led to the belief that, as the sales could not have been made in the manner testified to by them, they were not made in violation of law. This would have resulted in a verdict for the defendants.

We think the rule requiring the submission to the jury of questions involving the credibility of witnesses and the effect and weight of conflicting testimony, as declared in McDonald v. Metropolitan Street Railway Co., 167 N. Y. 66, 60 N. E. 282, is controlling here, and that the judgment should be reversed, and a new trial granted; costs to abide the event. All concur, except HIRSCHBERG, P. J., not voting.