(165 App. Div. 241)

HUSCHER v. NEW YORK & QUEENS ELECTRIC LIGHT & POWER CO.

(Supreme Court, Appellate Division, Second Department. December 31, 1914.)

1. APPEAL AND ERROR (§ 1195*)—DECISION ON PRIOR APPEAL—LAW OF CASE.
    Where, on a prior appeal in an action for death of plaintiff's decedent by coming in contact with an unlighted electric lamp, the court held that there was no proof of negligence proximately causing decedent's death, such determination was the law of the case on retrial.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

2. ELECTRICITY (§ 19*)—DEATH—NEGLIGENCE—EVIDENCE.
    In an action for death of plaintiff's decedent by coming in contact with an unlighted electric lamp owned and controlled by defendant, alleged at the time to be suspended not more than four feet above the highway, evidence held insufficient to establish negligence; the proof being insufficient to show that the lamp was lowered longer than an hour and a half before the accident.

    [Ed. Note.—For other cases, see Electricity, Cent. Dig. § 11; Dec. Dig. § 19.*]

    Stapleton and Rich, JJ., dissenting.

Appeal from Trial Term, Queens County.

Action by Florence E. Huscher, as administratrix of William H. Huscher, deceased, against the New York & Queens Electric Light & Power Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed, and new trial granted.

See, also, 158 App. Div. 422, 143 N. Y. Supp. 639.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

William Rasquin, Jr., of New York City (Almon G. Rasquin, of New York City, on the brief), for appellant.

Martin T. Manton, of New York City (Vine H. Smith, of New York City, on the brief), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BURR, J. [1] If any force is to be given to the doctrine of stare decisis, this judgment should be reversed upon the authority of Huscher v. N. Y. & Queens Electric Lt. & Power Co., 158 App. Div. 422, 143 N. Y. Supp. 639. The evidence establishes that the death of William H. Huscher was caused by his coming in contact with an unlighted electric lamp, owned and controlled by defendant, and at that time suspended over the highway at an elevation of about four feet therefrom, which was charged with a current of electricity dangerous to human life. The evidence does not tend to establish any defect in the structure of the lamp, which was of a standard make and variety.

[2] Plaintiff's witness Roth testifies that the lamp produced in court was the same lamp, and was then of the same structure as at the date of the accident, and that, immediately after the accident, it was examined, and nothing was the matter with it, except that the inner globe was broken. This was replaced, and the lamp hoisted into position, and it was then lighted and continued to burn for six or seven nights. It also appears, more clearly than upon the former trial, that, in order to permit the lamp to descend, it had first to be lifted five or six inches out of the socket or collar in which it rested; and if the lamp was lowered, so that it came within four feet of the ground, the end of the rope would then be at the top of the pulley, where the clip strikes the pulley. The fact that, after the accident, this clip was found to be broken, establishes nothing as against the defendant, for that would not permit the lamp to descend. Under the previous decision, therefore, the only possible ground of liability would be defective maintenance, in that the lamp was allowed to remain close to the ground, and unlighted, for a period of time which would charge defendant with negligent inspection.

Upon this point the evidence varies somewhat from that given on the former trial. The witness employed by the Shults Baking Company, who testified on the first trial, was not called upon this trial. Three witnesses were examined by plaintiff upon this point. One of them, Bubany, testified that at half past 7 on the night of the accident the lamp was then down and unlighted. This was only about an hour and a half before the accident, and, under the authority of the previous decision, was not sufficient to charge defendant with negligence. Afterward this witness testified on his redirect examination with regard to seeing the lamp down on other occasions. At first he testified that it was after the accident. Then he said that he saw it down Friday and Saturday morning—the accident occurring on Tuesday. Then he said it was on Saturday. His testimony upon this point is so vague and indefinite that no reliance can be placed upon it. It is incredible that, in a busy thoroughfare such as the street where this accident happened, this lamp would be down within four feet of the ground, and unlighted, for four days and four nights, and no one residing in the neighborhood observe it or call attention to it. Pelkowske, another witness called for plaintiff, testified that it was up about 7 o'clock in the evening. The accident happened a little after 9. McCabe testifies it was *up* on the morning of the 7th. These witnesses testified on the previous trial.

The two additional witnesses who were not previously called were Alexander Pucci and Bertha Rose. Pucci first testified that it was

down on Sunday *and* Monday. He then testifies that it was down on Sunday *or* Monday. Finally he is a little uncertain about Sunday, but says it was down all day on Monday. · For the reason before suggested, this is incredible. Bertha Rose says that on Monday night, the accident being on Tuesday, about half past 7, the lamp was down and unlighted. Her cross-examination satisfies us that no reliance is to be placed on her statements. When we offset the testimony of these witnesses with the testimony of the other witnesses called by plaintiff, contradicting their statements, and the very strong evidence offered by defendant, we think there is no credible evidence that the lamp was down more than an hour and a half or two hours before the accident. While it may be that, under the McDonald Case, this presented a question of fact for the jury, a finding that the lamp was down or unlighted for any longer period of time is so clearly against the weight of the evidence that it should be set aside.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur, except STAPLETON and RICH, JJ., who dissent.