### KRAUS v. CAMMANN et al.

(Supreme Court, Appellate Term, First Department.   June 23, 1915.)

BROKERS ⬳73—AGREEMENT TO SHARE COMMISSIONS—LIABILITY.

> Plaintiff claimed that he was employed by the owner of premises to find a purchaser; that he made an agreement with defendants regarding the sale, exchange, or leasing of the property, under which he was to receive one-third of the commissions; and that there was some consideration for the promise to pay him a share of the commissions. The property was leased, in connection with adjoining property, through the efforts of defendants and another broker. *Held* that, if the facts were as claimed, it was not necessary, to entitle plaintiff to a share of the commissions, that the lease should be procured through his efforts, as in the case of a claim against an owner for commissions, and the court erred in directing a verdict for defendants on the ground that "nothing was done for the commission."
>
> [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 59–61; Dec. Dig. ⬳73.]

Appeal from City Court of New York, Trial Term.

Action by David Kraus against Hermann H. Cammann and others, copartners doing business as Cammann, Voorhees & Floyd.   From a judgment entered on a verdict directed for defendants, plaintiff appeals.   Reversed, and new trial ordered.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Joseph Rosenzweig, of New York City, for appellant.

Delafield, Howe & Rogers (John Ross Delafield, of New York City, of counsel), for respondents.

GUY, J.   This controversy is between real estate brokers.   The plaintiff had charge of premises 167–169 Pearl street, and he testified that the owner had told him—

"to try and get rid of this property for me.   Do something with it; there is a chance for you to make a commission here; you get to work at this building."

The evidence introduced in plaintiff's behalf tended to prove the making of an agreement between plaintiff and one Verity, an employé of defendants, regarding the sale, exchange, or leasing of the property, that one-third of the commissions was to be paid to the plaintiff in the event of any such transfer, that there was some consideration for the promise to pay the plaintiff a share of the commissions, and that Verity was authorized by the defendants to bind them by such agreement.   The premises were leased, in connection with the adjoining property, through the efforts of the defendants and another broker, but they refused to pay the plaintiff any part of the commission.

At the close of the case the court, on the defendants' motion, directed a verdict in their favor on the ground that "nothing was done for the commission." The claim here, however, was not against the owner for commission for selling or leasing real property, in which case it would be necessary to show that the sale or lease was procured through the efforts of the broker. Here the demand is on an agreement between brokers to share commissions on a lease, and, giving the plaintiff's evidence the benefit of all favorable inference legitimately deducible therefrom, the plaintiff's case was sufficient to put the defendants to their proof. McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 60 N. E. 282.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.